17342

The STATE, Respondent, v. JOHN THOMAS CLINKSCALES, Appellant

(99 S. E. (2d) 663)

Messrs. *Harold N. Morris and C. E. Bowen,* of Greenville, *for Appellant,*

Messrs. *James R. Mann, Solicitor, and Thomas A. Wofford,* of Greenville, *for Respondent,*

Aug. 26, 1957.

TAYLOR, Justice.

Appellant was convicted of the charge of murdering his wife with an axe and sentenced to be executed.

Upon trial, the State relied partially upon appellant's confession which was admitted into evidence without objection. Counsel after making inquiry concluded that no valid objection could be made to the admission thereof but now contends that the trial Judge erred in not instructing the jury as to the law appertaining to confessions. Counsel made no request for such instruction nor did they take exception to the omission when, at the conclusion of his charge, the jury having been excused, the trial Judge asked counsel if they wished to request any additional instruction or to take exception to the charge as given. Were this not a capital case, we might summarily dismiss the present contention as untimely; but since the death penalty is involved we must overlook the failure to raise the question at the proper time.

It appears that shortly after the homicide, appellant, a twenty year old Negro with only a fifth grade education, made an oral confession to the Chief of Police at Fountain Inn. He was then brought to Greenville and questioned by two deputy sheriffs. This resulted in a written, detailed confession which was introduced in evidence without objection. All the State's testimony tended to show that the confession

was freely and voluntarily made. No testimony was offered by the defense.

The burden was upon the State to show the voluntary character of the confession. *State v. Rogers,* 99 S. C. 504, 83 S. E. 971. It is well settled that the mere fact that a confession is made while the accused is in the custody of an officer does not render in inadmissible. *State v. Judge,* 208 S. C. 497, 38 S. E. (2d) 715; *State v. Brown,* 212 S. C. 237, 47 S. E. (2d) 521; *State v. Chasteen,* 228 S. C. 88, 88 S. E. (2d) 880. However, the conduct of the officer obtaining the confession will be rigidly scrutinized, *State v. Green,* 227 S. C. 1, 86 S. E. (2d) 598; and the fact that it is made while the accused is under arrest is a circumstance, along with all the other facts and circumstances, to be taken into consideration by the jury in determining its voluntariness

In 20 Am. Jur., page 432, it is stated:

"The fact that the accused is under arrest may excite the vigilance of the court into inquiring into the circumstances attending it and affect its weight before the jury, but it does not necessarily render it inadmissible upon the ground that it was involuntary."

In Perkins v. State, 217 Ark. 252, 230 S. W. (2d) 1, 5, the court said:

"The fact that the statements were made to officers while appellant was confined under arrest was a circumstance to be considered on the question of voluntariness which was submitted to the jury under proper instructions."

Although all the evidence may be to the effect that a confession made while under arrest was a voluntary one, the jury may not be so convinced; and it is the jury who, in the final analysis, must determine the factual issue of voluntariness. *State v. Miller,* 211 S. C. 306, 45 S. E. (2d) 23; *State v. Gardner,* 219 S. C. 97, 64 S. E. (2d) 130. *Cf. State v. Harris,* 212 S. C. 124, 46 S. E. (2d) 682. Similarly, even though a jury accepts a written confession as

having been volunarily made, it is not thereby bound to accept every statement contained in it as true; for it is the sole judge of its credibility, and may believe it all, or in part, or not at all. It is unreasonable to assume that these matters are within the knowledge of the average juror; he should be informed of them by the Court. Whether such instruction would have altered the verdict in this case is a matter upon which we need not speculate; since life is at stake the case should be remanded, so that upon its retrial the jury may be instructed as to their power, as sole judges of the facts to determine whether or not, under the evidence, the confession was voluntary, and to what extent they will give it credence.

It further appears from the record that the State offered testimony to the effect that appellant had approximately six or seven weeks prior to the slaying shot his wife in the back with a shotgun.

The former friendly or strained relationships of parties to lawsuits, including that of close relatives of the parties, are often admissible in evidence, *State v. Petit,* 144 S. C. 452, 142 S. E. 725; *State v. Bush,* 211 S. C. 455, 45 S. E. (2d) 847; and it is well settled that in assault and battery and homicide cases, evidence that the accused and prosecuting witness or the deceased had a previous difficulty is admissible, but the details of such difficulty are inadmissible, *State v. Evans,* 112 S. C. 43, 99 S. E. 751; *State v. Abercrombie,* 130 S. C. 358, 126 S. E. 142; *State v. Kennedy,* 143 S. C. 318, 141 S. E. 559; *State v. Smith,* 200 S. C. 188, 20 S. E. (2d) 726; *State v. Bush, supra;* evidence of a previous difficulty being competent only to show the animus of the parties, and thus aid the jury in reaching the conclusion as to who probably was the aggressor, and what demeanor each party had reason to expect from the other when they met and the fatal difficulty occurred. The general details of the previous trouble should be excluded, State v. Adams, 68 S. C. 421, 47 S. E. 676; State v. Emerson, 78 S. C. 83, 58 S. E. 974.

In *State v. Brooks,* 79 S. C. 144, 60 S. E. 518, 17 L. R. A., N. S., 483, evidence of previous quarrels and ill feeling between the parties, arising out of a controversy regarding the custody of a child, eight months prior to the slaying was held admissible. And in *State v. Holmes,* 171 S. C. 8, 171 S. E. 440, 443, this Court stated:

"The specific objection made in the argument of the appellant that it was error to admit the testimony of Evans, as to the previous attempt on the part of the appellant to poison the deceased, on the ground that it was error for the prosecution to endeavor to show the commission of another and distinct crime by the appellant, cannot be sustained. If the appellant attempted to poison the deceased, as testified to by Evans, proof of that act by him was clearly competent to go to the jury as evidence of the malice, as known to the law, of the appellant toward the deceased, and of his desire to take her life."

We are of the opinion that the evidence was properly admitted showing the previous difficulties between appellant and his wife, but that the details thereof were not admissible.

For the foregoing reasons, we are of the opinion that the judgment and order of the Court should be reversed and the case remanded for a new trial, and it is so ordered. Reversed and remanded.

Stukes, C. J., and Oxner and Legge, JJ., concur.

Moss, J., disqualified.