19964

The STATE, Respondent, v. Everette Wayne ALFORD, Appellant
(212 S. E. (2d) 252)

*Marion H. Kinon, Esq.,* of Dillon, *for Appellant,*

28

*Messrs. Daniel R. McLeod, Atty. Gen., C. Tolbert Goolsby, Jr., Dep. Atty. Gen., and Joseph R. Barker, Staff Atty.,* of Columbia, and *Dupre Miller, Sol.,* of Bennettsville, *for Respondent,*

February 24, 1975.

LITTLEJOHN, Justice:

Everette Wayne Alford, appellant, was indicted for murder, and Glen Lane was indicted for accessory before the fact of murder of Albert Cox. The two were tried together. A jury acquitted Lane, and found Alford guilty of manslaughter.

Alford has appealed, alleging error on the part of the judge in six particulars:

1. In allowing testimony of three witnesses about a threat made by appellant against the brother of the deceased about a week before the killing;

2. In allowing testimony of two witnesses about an uncommunicated threat made by appellant against the brother of the deceased the night of the killing;

3. In refusing to grant the motion for a directed verdict;

4. In refusing to allow testimony about two conversations between the deceased and co-defendant Lane about two hours before the killing;

5. In charging the jury that malice can be implied from the use of a deadly weapon, when appellant is claiming self-defense;

6. In refusing to charge the jury on the law of coming to the aid of another.

Appellant claims that he is entitled to an acquittal or to a new trial. We disagree.

A review of the relevant facts is necessary to a disposition of the issues submitted to this Court.

On June 9, 1973, at about four o'clock in the morning, Albert Wayne Cox (Albert) was shot and killed by the appellant, Everette Wayne Alford, at the Tiger Inn (a drive-in) in the Oak Grove community of Dillon County.

On the evening in question, about mid-night, appellant and his now-acquitted co-defendant, Glen Lane, and the deceased, Albert Wayne Cox, were drinking beer at Hathcock's place. An argument ensued, culminating in an agreement between Lane and Albert to go to a roadside park about a quarter of a mile away and settle the matter with a fist fight. Apparently Lane dominated, and they then returned to Hathcock's and drank beer again. Later, Lane and the appellant drove in Lane's car about six miles to the Oak Grove community and parked in the drive-in lot of the Tiger Inn, where they continued to drink beer. After awhile Albert drove up in his car and indicated a desire to continue the

fight. Lane agreed, but Albert drove away hurriedly. Some few minutes thereafter Albert came back by the Tiger Inn, driving in the direction of the residence of his brother, Lester Cox.

Lane and the appellant, surmising that Albert was going to pick up his brother, Lester, and return, drove to the home of appellant's brother, Gene Ray Alford, and procured a .357 magnum pistol and returned to the parking lot of the Tiger Inn. In the meantime Albert had gone to the home of Lester, and awakened him about four o'clock. Lester took his pistol from his automobile and, according to his testimony, was going to visit Albert. As they passed the Tiger Inn he observed Lane's car. It was Lester's testimony that he just wanted to stop and ask them what they wanted when they previously went to Albert's house. The evidence relative to what then took place is in conflict.

### Lester's version

Lane got out of his car and came toward Lester with a knife. Lester threw a can of beer at him and struck him with a .22 pistol he had taken from his pocket. Lane and Lester then fought on the trunk of Lane's car. While they were fighting Lester heard gun shots and heard his brother Albert say "Lester I'm shot; I'm dying." Lester thought his brother was kidding and kept on fighting until the back glass of Lane's car blew out. He then grabbed his gun, jumped over to the side, and shot the side glass out of the back of Lane's car. Lester then learned that his brother had actually been shot and told the appellant to throw his pistol out, which appellant did. Lane then assisted Lester in placing Albert in his own car. Appellant and Lane then drove away.

### Version of Lane and appellant

Lane and Lester got out of their cars, and after verbal exchanges, walked toward each other. Lester hit him (Lane) with a beer can, and then with his pistol. Lester then started firing his pistol into the car in which appellant

was sitting. Appellant returned the fire. Albert was hit and Lester started hollering. The firing stopped and the appellant, at Lester's direction, threw his pistol (now empty) out of the car. Lane then assisted Lester in placing Albert into the Cox car. Appellant and Lane drove off.

In the trial the judge permitted the State to show by witnesses McDowell, Britt and Lester, that appellant made threats against Lester about a week prior to the killing.

The threat apparently was the result of a dispute between appellant and Lester. One week before the fatal shooting appellant, Lester, and McDowell were riding together in Lester's truck. Appellant was driving recklessly and Lester warned him to be more careful. Appellant persisted in his haphazard driving so Lester cut the ignition off and took the keys. Appellant refused to move from behind the wheel, and Lester hit him in the face. Appellant told Lester that he was going to "get him." A few minutes later the three stopped to get some coffee. Inside the coffee shop and in the presence of the owner, appellant pulled a knife. As appellant was leaving he said, "Take me to Gene Ray's [the owner of the pistol used by appellant in the shooting] and it will all be over with tonight."

While it is true that threats against a third party are normally not admitted to show malice against the deceased, the rule is not an inflexible one. It is discussed in C. J. S.:

"Evidence is inadmissible to show a difficulty between accused and a third person in no way connected with the victim or offense . . .. However, where there connection with the offense sufficiently appears, evidence of prior difficulties between accused and a third person is admissible to show malice, premeditation, or general state of mind, as is evidence of accused's ill will toward a member of the family of deceased, or that accused had a grudge against the companion of the victim at the time of the assault. . . ." 40 C. J. S. Homicide § 209.

The trial judge also admitted in evidence, over the objection of appellant's counsel, testimony of two witnesses who quoted the appellant as having stated at Hathcock's approximately two hours prior to the killing that he would get Lester with a knife or with a .357 pistol.

We are of the opinion that the series of events recited hereinabove sufficiently connects the threats with the offense so as to evidence malice on the part of the appellant. Malice being an element of the offense of which the appellant was charged, both the threats of the previous week and the threats of the same night were admissible in evidence.

Error is also alleged on the part of the trial judge in allowing evidence of details incident to the threats. Such details as were admitted did not violate the rule set forth in *State v. Clinkscales,* 231 S. C. 650, 654, 99 S. E. (2d) 663, which prohibits testimony as to the general details of a previous difficulty.

Appellant alleges error on the part of the trial judge in excluding testimony relative to a conversation which took place between Lane and Albert just prior to the fist fight at the park. The testimony would indicate that Albert talked in a derogatory manner about Lane's girl friend. The testimony was submitted by counsel for Lane for the purpose of showing Albert's frame of mind, and showing that he (Albert) was the aggressor. After the judge refused to admit the testimony, counsel for the appellant stated, "Your Honor, the defendant Albert would like to join in with the motion made by Mr. Kilgo." The judge again declined to admit the testimony. Whether the excluded testimony prejudiced Lane's rights is a matter with which we are not concerned since he was acquitted. So far as the appellant's rights are concerned, we find no prejudice because the appellant testified that he never saw Albert. We quote from his testimony:

"Q. Did you ever see Albert Cox?
"A. No, sir.

"Q. Did you ever fire at Albert Cox?

"A.No, sir.

"Q. Who did you fire at?

"A. Lester Cox.

"Q. Why did you fire at Lester Cox?

"A. Because I was scared."

Albert's attitude was amply described by other testimony. It cannot be soundly argued that appellant was induced to begin shooting by the aggression of Albert, whom he admits he did not see. We find no abuse of discretion on the part of the trial judge in excluding the testimony.

Appellant contends that the lower court erred in charging the jury as follows:

"And malice is implied or presumed from the use of a deadly weapon; and I tell you, ladies and gentlemen of the jury, that a pistol such as has been introduced in evidence in this case is a deadly weapon. The State could just prove that the act was done with a deadly weapon and stop right there and malice would have been proven; but after all the facts and all of the case is in, it is up to you to determine whether or not the State has proven that the homicide was committed with malice."

It is argued that such a charge is incorrect in a case wherein a defendant asserts self-defense as justification for the killing. A similar issue was before us in the case of *State v. Maxey,* 262 S. C. 504, 205 S. E. (2d) 841, wherein we held the charge to be proper. We do not think that the fact that the appellant asserted self-defense warrants a different ruling and accordingly, we hold the exception to be without merit.

After the judge gave the usual charge in a case of this type, including a charge on the law of self-defense, counsel for the appellant asked him to charge the law of coming to the aid of another. It was the contention of counsel that appellant was coming to the aid of Lane

when he fired the fatal bullet. The judge declined the request. We find no error. A review of the evidence simply does not reveal testimony warranting the conclusion that the appellant shot Albert or shot at Lester for the purpose of protecting Lane from death or serious bodily harm. The appellant himself testified as follows:

"Q. When these bullets came into the car where you were, what did you do then?

"A. I got scared and started shooting.

"Q. And why were you scared?

"A. Because Lester said he was going to kill me.

"Q. And you say you were scared of him?

"A. Yes, sir.

"Q. Tell the jury how you fired the pistol that you had.

"A. When Lester started firing on me, he fired about three times; and I just raised my gun up and started shooting back."

At no time did the appellant testify that he was shooting for any purpose other than to protect himself. It is obvious that the jury did not believe his testimony.

Appellant's contention that he was entitled to a directed verdict is clearly without merit. Reference to the evidence cited hereinabove points out that there was abundant testimony from which the jury could find the appellant guilty of manslaughter.

Affirmed.

Moss, C. J., Lewis, J., and Ness, Acting Associate Justice, concur.

Bussey, J., dissents.

Bussey, Justice (dissenting):

Being convinced that there was prejudicial error and that the appellant should be granted a new trial, I most respectfully dissent.

The trial judge, over the strenuous objection of the appellant, allowed testimony as to threats allegedly made

against one McDowell by appellant and as to a difficulty between appellant and Lester Cox, all of which occurred approximately a week prior to the homicide. Admitted into evidence, over objection, was considerable evidence as to the details of these events. As McDowell was not involved in or connected with the altercation or confrontation which resulted in the homicide, evidence as to threats allegedly made by appellant against McDowell was totally irrelevant to any issue in the case, highly prejudicial and, of course, the admission thereof was erroneous.

Assuming, without deciding, that it was permissible to prove the prior difficulty between appellant and Lester Cox, it is well settled by a long line of decisions in this State that His Honor was in error in permitting evidence as to details of such difficulty. See *State v. Clinkscales,* 231 S. C. 650, 99 S. E. (2d) 663, and the numerous cases therein cited.

His Honor was also in error, I think, in excluding evidence tending to prove that the deceased was the aggressor in bringing on the altercation between the deceased and Lane, which altercation pursued to its finality, resulted in the death of the deceased. It was appellant's contention throughout the trial that he fired at Lester Cox in self-defense. An essential element of the plea of self-defense is, of course, proof that the defendant was without fault in bringing on the difficulty which resulted in the death of the decedent. Proof that the decedent, himself, was the aggressor and at fault in bringing on the difficulty is as strong proof as a defendant could offer that he, himself, was without fault. That the appellant did not see the decedent at the moment of firing the fatal shot is, I think, entirely beside the point. The proffered evidence, excluded by the judge, tended to prove that the deceased provoked and pursued an altercation with Lane on the night of the fatality and that but for his aggressive pursuit of such altercation neither he nor his brother Lester would have even been at the scene of the fatality. The excluded evidence, being clearly relevant on the issue of who was at fault in bringing on the fatal

difficulty, needless to say its exclusion was highly prejudicial. I would reverse the decision of the lower court and remand for a new trial.