602 S.E.2d 758

**James G. BLAKELY, a.k.a. Jimmy Gatewood Blakely, Respondent,**

**v.**

**STATE of South Carolina, Petitioner.**

No. 25865.

Supreme Court of South Carolina.

Submitted June 23, 2004.

Decided Sept. 7, 2004.

Rehearing Denied Oct. 6, 2004.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Chief, Capital & Collateral Litigation Donald J. Zelenka, Assistant Deputy Attorney General Salle W. Elliott, and Assistant Attorney General Christopher L. Newton, all of Columbia, for petitioner.

Senior Assistant Appellate Defender Wanda H. Haile, of Columbia, for respondent.

Justice MOORE:

We granted the State's petition to review the grant of relief in this post-conviction relief (PCR) action. The PCR judge found counsel was ineffective for failing to object to evidence of respondent's previous threats. We reverse.

## FACTS

Respondent was charged with murder and assault and battery with intent to kill (ABIK) for wounding his girlfriend Sarah Ann Moss (a.k.a. "Ann") and killing her friend John

Henderson (a.k.a. "Steve") after a domestic dispute earlier in the day. Respondent shot both victims in front of Ann's house as they were getting out of a car. Steve managed to drive off after being shot but was found dead near his car about a half-mile away.

Respondent claimed self-defense on the murder charge. He testified he saw Steve and Ann kissing in the car. When he confronted them, Steve came at respondent with a knife. To the contrary, eye-witnesses testified they saw Steve put his hands up immediately before being shot. No one saw a knife and no knife was ever found at the scene or in Steve's car. In his statement to police, respondent did not mention that Steve had a knife when respondent shot him. Respondent claimed he told detectives about the knife but they omitted it from his statement.

As a defense to ABIK, respondent testified he accidentally shot Ann when she came up behind him after he shot Steve.

The jury found respondent guilty of the lesser offenses of voluntary manslaughter and assault and battery of a high and aggravated nature. He was given consecutive sentences of thirty years and ten years. Respondent's direct appeal was dismissed after an *Anders* review. He then filed this action for PCR.

## ISSUE

Was counsel ineffective for not objecting to evidence of previous threats?

## DISCUSSION

On direct examination, Ann testified as follows:

Q: What was your relationship with [respondent]?

A: I was his girlfriend.

Q: How long did y'all date?

A: About six months.

Q: Were you dating that day on January 1st, 1998? Were y'all still dating then?

A: No. We had quit. I had been calling the relationship all along off, and he like kept threatening me. And, you

know, threatened to do something to my family like killing us and blowing up the house. And so I kind of like hung in there because I was afraid of him.

The PCR judge found counsel should have objected to this evidence of previous threats because it impermissibly placed respondent's character in issue.

It is well-settled that evidence of previous threats by the defendant is admissible to show malice. *State v. Lee*, 255 S.C. 309, 178 S.E.2d 652 (1971); *see also State v. Alford*, 264 S.C. 26, 212 S.E.2d 252 (1975) (previous threats against companion of victim at time of assault also admissible). Respondent was charged with murder and ABIK, both of which include the element of malice. S.C.Code Ann. § 16–3–10 (1985) (murder is killing of any person with malice aforethought); *State v. Sutton*, 340 S.C. 393, 532 S.E.2d 283 (2000) (ABIK is an unlawful act of violent injury to person of another with malice aforethought). Further, under Rule 404(b), SCRE, this evidence is admissible as evidence of intent.

We conclude counsel was not ineffective for failing to object to the evidence of previous threats. Accordingly, the grant of relief is

**REVERSED.**

TOAL, C.J., WALLER, BURNETT, and PLEICONES, JJ., concur.