**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Johnathan Green, Appellant.

Appellate Case No. 2016-002256

———————

Appeal From Orangeburg County
Edgar W. Dickson, Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-219
Submitted February 18, 2020 – Filed July 22, 2020

———————

**AFFIRMED**

———————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and Solicitor David Michael Pascoe, Jr., of Orangeburg, for Respondent.

———————

**PER CURIAM:** Jonathan Green appeals his convictions of two counts of attempted murder and one count of discharging a firearm into a dwelling, arguing the trial court erred in admitting testimony about two prior bad acts because the

testimony was not relevant and did not meet an exception pursuant to Rule 404(b), SCRE; the State failed to prove the incidents by clear and convincing evidence; and the danger of unfair prejudice substantially outweighed the probative value of the incidents.  He also contends the trial court erred in admitting certain portions of a 911 call because the danger of unfair prejudice from it substantially outweighed the probative value pursuant to Rule 403, SCRE.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in allowing a victim to testify Green previously assaulted and threatened her because the testimony was not relevant and did not meet an exception pursuant to Rule 404(b), SCRE; the State failed to prove the alleged prior incidents by clear and convincing evidence; and the danger of unfair prejudice substantially outweighed the probative value: *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *State v. Sweat*, 362 S.C. 117, 126, 606 S.E.2d 508, 513 (Ct. App. 2004) ("For evidence to be admissible, it must be relevant."); *State v. Wiles*, 383 S.C. 151, 158, 679 S.E.2d 172, 176 (2009) ("Evidence is relevant and admissible if it tends to establish or make more or less probable the matter in controversy." (citing Rules 401 & 402, SCRE)); Rule 401, SCRE (providing relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); Rule 404(b), SCRE ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent."); *State v. Plyler*, 275 S.C. 291, 296, 270 S.E.2d 126, 128 (1980) ("Evidence of previous difficulties or ill feelings between the accused and the victim and of facts showing the cause of such difficulties or ill will is admissible on the question of motives whe[n] there is some connection of cause and effect between the evidence and the crime." (quoting 40 C.J.S. *Homicide* § 228 (currently located at 41 C.J.S. *Homicide* § 337))); *id.* (finding the challenged evidence "admissible as a circumstance bearing on the identity of the accused as the perpetrator of the crime" because it "tend[ed] to show motive on the part of the accused and [wa]s not so remote in time as to negate its probative value"); *Blakely v. State*, 360 S.C. 636, 639, 602 S.E.2d 758, 759 (2004) ("[E]vidence of previous threats by the defendant is admissible to show malice."); S.C. Code Ann. § 16-3-29 (2015) (defining the offense of attempted murder as when "[a] person who, with

intent to kill, attempts to kill another person with malice aforethought, either expressed or implied"); *Blakely*, 360 S.C. at 639, 602 S.E.2d at 759 ("[U]nder Rule 404(b), SCRE, [evidence of previous threats] is admissible as evidence of intent."); *State v. Gillian*, 373 S.C. 601, 609, 646 S.E.2d 872, 876 (2007) ("If the defendant was not convicted of the prior crime, evidence of the prior bad act must be clear and convincing."); *State v. Kirton*, 381 S.C. 7, 26, 671 S.E.2d 107, 116 (Ct. App. 2008) ("When considering whether there is clear and convincing evidence of other bad acts, this court is bound by the trial judge's factual findings unless they are clearly erroneous."); *id.* at 26-27, 671 S.E.2d at 116 ("The determination of a witness's credibility is left to the trial [court, which] saw and heard the witness and is therefore in a better position to evaluate his or her veracity."); *Wiles*, 383 S.C. at 158, 679 S.E.2d at 176 ("[E]ven whe[n] the evidence is shown to be relevant, if its probative value is substantially outweighed by the danger of unfair prejudice, the evidence must be excluded." (citing Rule 403, SCRE)); *id.* ("Unfair prejudice means an undue tendency to suggest decision on an improper basis.").

2. As to whether the trial court erred in refusing to redact portions of a 911 call in which a victim referenced an alleged prior threat by Green and told the operator Green is usually armed because the danger of unfair prejudice substantially outweighed the probative value of that portion of the tape pursuant to Rule 403, SCRE: *Pagan*, 369 S.C. at 208, 631 S.E.2d at 265 ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); Rule 403, SCRE (providing the trial court may exclude evidence if the danger of unfair prejudice substantially outweighs its probative value); *State v. Kelley*, 319 S.C. 173, 177, 460 S.E.2d 368, 370 (1995) ("[E]vidence should be excluded when its probative value is outweighed by its prejudicial effect."); *Wiles*, 383 S.C. at 158, 679 S.E.2d at 176 ("Unfair prejudice means an undue tendency to suggest decision on an improper basis.").

**AFFIRMED.**[1]

**WILLIAMS, KONDUROS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.