**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

William D. Pennington, Appellant.

Appellate Case No. 2018-001619

Appeal From Cherokee County
J. Mark Hayes, II, Circuit Court Judge

Unpublished Opinion No. 2022-UP-001
Submitted November 1, 2021 – Filed January 5, 2022

**AFFIRMED**

Appellate Defender Adam Sinclair Ruffin, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson, Deputy
Attorney General Donald J. Zelenka, and Senior
Assistant Deputy Attorney General Melody Jane Brown,
all of Columbia, for Respondent.

**PER CURIAM:** William D. Pennington appeals his convictions and concurrent sentences of thirty years' imprisonment for the murder of his wife, Rita Pennington,

and five years' imprisonment for possessing a weapon during the commission of a violent crime.  We affirm.

At trial, Pennington's son Rocky testified about Pennington previously shooting in Rita's general direction.  Pennington argues this testimony was inadmissible under Rule 404(b), SCRE.  We find the trial court did not abuse its discretion in admitting this testimony.  Pennington's disregard for gun safety does not necessarily make it more or less likely he intended to shoot Rita on the day she died, but the testimony does tend to show Pennington had a history of using firearms with reckless disregard for the safety of others.  *See* Rule 404(b), SCRE ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent."); *see also State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923).

We find Rocky's testimony met the bar of clear and convincing evidence.  Rocky provided the direction Pennington fired the shots and the location of family members involved.  *See State v. Sweat*, 362 S.C. 117, 127, 606 S.E.2d 508, 514 (Ct. App. 2004) ("If not the subject of a conviction, a prior bad act must first be established by clear and convincing evidence.").

Further, Rocky's testimony logically relates to the crime charged because it shows Pennington regularly carried firearms, knew how to operate firearms, and intentionally shot firearms in Rita's general direction in the past. *See State v. Adams*, 322 S.C. 114, 470 S.E.2d 366 (1996) (holding the record must support a logical relevance between the prior bad act and the crime for which the defendant is accused), *overruled on other grounds by State v. Giles*, 407 S.C. 14, 754 S.E.2d 261 (2014); *Lyle*, 125 S.C. at 417, 118 S.E. at 807 ("[I]f the court does not clearly perceive the connection between the extraneous criminal transaction and the crime charged, that is, its logical relevancy, the accused should be given the benefit of the doubt, and the evidence should be rejected."); *Sweat*, 362 S.C. at 126, 606 S.E.2d at 513 ("Evidence is relevant if it tends to establish or make more or less probable some matter in issue upon which it directly or indirectly bears . . . .").

As to Pennington's argument that Rocky's testimony was inadmissible under Rule 403, SCRE, we find the testimony's probative value outweighs any unfair prejudice.  Pennington's intent was the core issue in the case, and this testimony tended to negate his contention that he fired the shotgun by accident rather than on purpose.  This testimony also tended to show Pennington knew how to handle firearms and used them liberally, making an accidental discharge unlikely.  *See State v. Brooks*, 341

S.C. 57, 62, 533 S.E.2d 325, 328 (2000) ("Further, even though the evidence falls within a *Lyle* exception, it must be excluded if its probative value is substantially outweighed by the danger of unfair prejudice to the defendant. The determination of the prejudicial effect of prior bad act evidence must be based on the entire record and the result will generally turn on the facts of each case.").

Pennington also argues the trial court erred in admitting testimony from Rocky and from a former daughter-in-law about Pennington's prior threats to kill Rita. We find the trial court properly admitted this evidence because previous threats by a defendant are admissible to show malice. *See Blakely v. State*, 360 S.C. 636, 639, 602 S.E.2d 758, 759 (2004) ("It is well-settled that evidence of previous threats by the defendant is admissible to show malice."); *id*. (holding evidence of previous threats by a defendant are admissible under Rule 404(b), SCRE, as evidence of intent); S.C. Code Ann. § 16-3-10 (2015) (defining murder as "the killing of any person with malice aforethought").

Further, the probative value of this evidence was not substantially outweighed by any danger of unfair prejudice. Rita was found in the bedroom in a manner suggesting the shooting occurred as she was getting dressed. Rocky testified that two weeks prior to Rita's death, he witnessed an argument while Rita was doing chores in the bedroom during which Pennington grabbed at his gun holster and told Rita he would kill her. The former daughter-in-law said Pennington discussed his desire to kill Rita and his ability to do so as Rita slept (in the bedroom) so "she would never know it." Pennington's past threats were highly probative of his intent. *See* Rule 403, SCRE (relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice); *State v. Beck*, 342 S.C. 129, 135, 536 S.E.2d 679, 682 (2000) ("Testimony that Appellant had made a statement of his intent to perpetrate such crimes—albeit four months prior to this event—was highly probative as to a manifestation of that intent through the fatal attack upon Victim.").

Finally, neither threat was so remote as to make it irrelevant because the time between the threats and Rita's death relates to the weight of the evidence rather than its admissibility. *See Beck*, 342 S.C. at 135, 536 S.E.2d at 682 ("The temporal attenuation between the making of this statement and the crime in this case is of no moment in assessing its admissibility. The four[-]month lapse is at most a matter bearing on the weight of the evidence, which was for the jury to determine.").

**AFFIRMED.**[1]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.