HEARD NOVEMBER TERM, 1875.

### STATE *vs.* WATSON.

Evidence on the part of the State to contradict testimony given by the prisoner to prove an *alibi* is not cumulative because it tends indirectly to strengthen the evidence in chief to fix the offense on the prisoner.

Where the evidence to sustain an indictment for larceny was that the money, the subject of the larceny, was snatched by the prisoner from the prosecutor's hands and made use of by him, and there was other evidence tending to show a felonious intent: *Held*, That it was not error to refuse to charge that the evidence proved only a trespass, and that if any offense was proved it was robbery and not larceny; nor that it was error to charge that if the jury believed the money was taken by surprise and converted by the prisoner to his own use it was larceny.

Where the defense is an *alibi*, it is error to charge that there must be no halting, but the defense must be proven beyond a reasonable doubt.

BEFORE COOKE, J., AT GREENVILLE, TERM, 1875.

Indictment against Ed. Watson, *alias* John F. McCord, for grand larceny.

The case stated in the brief for this Court is as follows:

This was an indictment for grand larceny. On his arraignment, the defendant pleaded not guilty.

The Solicitor introduced evidence to the effect that some time in January, 1875, the defendant met one James Downs in the city of Greenville, and asked him if he did not wish to buy some whiskey. That Downs replied that he would take one gallon at one dollar and a half, and then went off to sell some cotton which he had brought to market. That soon after, the defendant came to him again and told him where the whiskey was, and the two started together for the place designated. That on the way they met a colored man and saw him drop something from his pocket. Defendant picked it up; the colored man came back and defendant said to him: " You have lost something, have you not?" The colored man replied: " Yes, I have lost a little trick, and there was a ribbon in it." Defendant said that there was no ribbon in it, and the colored man offered to. bet fifty dollars on it. Defendant wanted Downs to bet, and he would not. Defendant then said: " Pay me for the whiskey, it is close by." Downs took out his money, and defendant snatched it all from him except a few small bills, and proceeded to bet with the colored man. Downs insisted that he should not do it, but he persisted and lost it. Defendant then told Downs that he would pay him his money back if he would walk back to the store, where he could borrow the money. They went to a store; but defendant failed to borrow the money and proposed to give his note for it. In pursuance of this proposition, he wrote on a piece of paper what purported to be a note and gave it to Downs; it was not signed.

The defendant introduced a number of witnesses to prove that he was not in Greenville at the time of the occurrence, which was fixed, but that the witnesses had seen him in Newberry on that day.

In reply, the Solicitor introduced a witness to prove that he had seen the parties together in the store on the evening in question and had seen the writing.

The defendant's attorney objected to this evidence as cumulative and not in reply. The Court overruled the objection, to which ruling the defendant's attorney excepted.

At the close of the evidence for the State, the defendant's counsel requested the Court to charge: 1. That the evidence proved only a trespass; and, 2. That if any offense was proved, it was robbery and not larceny. The request was denied, and His Honor charged that if the jury believed the money was obtained by surprise and defendant converted it to his own use, it was larceny. The defendant excepted to the rulings.

His Honor also charged the jury that where the defense is an *alibi*, there must be no halting, but that the defense must be proven beyond a reasonable doubt. To this portion of his charge the defendant's attorney excepted.

The jury returned a verdict of guilty.

The defendant appealed on the following grounds :

1. Because the offense proven was nothing more than a trespass.

2. Because, if any criminal intent was shown, the offense was robbery and not grand larceny.

3. Because it is respectfully submitted that His Honor the presiding Judge erred in admitting cumulative evidence on the part of the State in reply.

4. Because His Honor the presiding Judge charged the jury that where the defense is an *alibi*, there must be no halting, but that the defense must be proven beyond a reasonable doubt, which, it is respectfully submitted, was error.

5. Because the verdict was otherwise contrary to the law and the evidence.

*Jones, Jones & Mower, Earle & Wells,* for appellant:

I. The person who took the money did so in the presence of the owner, and it was not taken secretly. There is nothing to indicate that it was obtained with a felonious intent. It is the intention which distinguishes larceny from trespass.—2 Russell, 2, note. The fact must be done clandestinely.—2 Russell, 7 ; 2 Wharton, 1876.

II. Clearly, the money was not taken clandestinely. If force was used, and a criminal intent proven, it was robbery, not larceny.

III. That cumulative evidence is not admissible in reply, is well settled. Downs, the prosecutor, had sworn that defendant went to a certain store to give a note. The defendant relied upon an *alibi*, and the introduction by the State of a witness afterwards to confirm the prosecutor on the question of identity was clearly cumulative.

IV. Evidence of an *alibi* might well create a reasonable doubt; and if it did, the defendant was entitled to the benefit of it. It is respectfully submitted that the language of the charge was too strong. An *alibi* need not be proven "beyond a reasonable doubt."—*Adams* vs. *State*, 42 Ind., 373; 2 Green's Criminal Reports, 686.

*Blythe*, Solicitor, contra.

March 1, 1876. The opinion of the Court was delivered by

WRIGHT, A. J. If the error assigned in the charge of His Honor the presiding Judge was confined to the admission of the testimony offered by the State, in reply to that submitted on the part of the defendant, and to the instruction which he gave to the jury in regard to the character of the offense, to be determined by the circumstances which attended its commission, we could not have interposed.

When the testimony was offered to sustain the *alibi* on which the appellant rested his defense, it was clearly the right of the State in reply to disprove the allegations of the witnesses who were introduced to establish it. It did not add force to the facts on which the State relied to maintain the charge preferred by the indicment, but was offered to disprove the defense set up. If its effect indirectly strengthened the testimony submitted by the State to fix the offense on the appellant, it was no more cumulative than if the defense had been that the money alleged to have been stolen was not the property of Downs, as laid in the indictment, but belonged to some other person, and the Solicitor had offered testimony contradictory thereof. The evidence was competent, because it was in direct reply to the defense set up. Nor did the presiding Judge err in refusing to charge that the offense was only a trespass.

He properly left it to the jury "to determine from the testimony that if the money was taken by surprise, and the defendant converted it to his own use, it was larceny."

The motives with which the goods are taken is an essential inquiry for the jury. To make out the offense of larceny, there must be a felonious purpose. The taking must be done *animo furandi*—with a view of depriving the true owner of his property and converting it to the use of the offender. It may be by force or surprise, and the instruction of the Court is in conformity with what may be found laid down in Roscoe's Evidence in Criminal Cases, p. 469. A new trial must be ordered, however, on the exception to the charge

of the Court, which was as follows: "Where the defense is an *alibi*, there must be no halting, but the defense must be proved beyond a reasonable doubt."

This would seem to be a reversal of the rule by which, in criminal cases, the law requires a jury to be governed.

The defendant is not bound to prove his innocence beyond all reasonable doubt. This would compel a solution of a reasonable doubt created by the evidence against the defendant; whereas if such a doubt of his guilt follows from the whole testimony, he is entitled to its benefit.

The administration of the criminal law is always with humanity to those charged with its violation, and it would fall far short of the reverence in which it is justly held, if, in a case of conflicting testimony, the jury are obliged to convict because the defendant may not have proved his innocence beyond a reasonable doubt.

The defense through an *alibi* forms no exception to the general rule. Though, as Mr. Justice Foster says, "it ought to be heard with uncommon caution," still, when made out, "though negative, it is really positive evidence."

The motion for a new trial is granted.

*Moses*, C. J., and *Willard*, A. J., concurred.