13837

STATE v. HAMILTON

(174 S. E., 396)

Before RICE, J., Dillon, September, 1933.

*Messrs. Gibson & Muller,* for appellant,

*Mr. S. S. Tison, Solicitor,* for the State,

April 30, 1934.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

The appellant, with five others, was charged in two indictments, each containing three counts, with the crimes of housebreaking, larceny, and receiving stolen goods. By consent, the two cases have been tried together in the lower Court, and in the review by this Court, likewise, there has been only one appeal in both cases. In the first trial, all the defendants were convicted. The appeal therefrom was by the appellant alone, and his conviction and sentence were reversed. See *State v. Hamilton*, 166 S. C., 274, 164 S. E., 639.

In the second trial of the appellant, on each of the indictments, the jury returned a general verdict of "guilty," and sentence was imposed by the presiding Judge, Hon. H. F. Rice.

In the present appeal, there are several exceptions, but it is only necessary to consider the first, and, under the law, we are compelled to sustain that.

On the very important matter as to the verdict that could be returned, the jury were instructed as follows: "Now, you can write a verdict of not guilty as to his breaking and entering and larceny: if you think he ought to be convicted of receiving stolen goods knowing them to have been stolen, you can find him gulity of that, *or you can find him guilty of all three charges, and, in that event, your verdict would be 'Guilty,' that is 'Guilty as to Jake N. Hamilton.'* Or, if the State hasn't satisfied you beyond a reasonable doubt that he is guilty of anything, say, 'Not Guilty'; and if you write that on both of these indictments that ends the case so far as this is concerned." (Italics added.)

The crime of larceny and that of receiving stolen goods are entirely separate and distinct offenses.

While one may be charged in an indictment with both of these crimes, he cannot be convicted of both. If he is guilty of the larceny, he is not guilty of receiving the goods so stolen; but he may be innocent of the larceny, and guilty of receiving the goods after they have been stolen.

It is an essential element of the offense of receiving stolen goods "that the goods should have been previously stolen or acquired by some kindred offense by someone other than defendant, except where there is some statutory provision which changes this rule." 53 C. J., 503. We have no statute changing the announced rule.

"Where a larceny has been committed, the principal thief, that is, the one who is guilty of the actual caption and asportation, cannot be adjudged guilty of criminally receiving the thing stolen for the reason that he cannot receive from himself." 17 R. C. L., 84.

Our case of *State v. Major,* 14 Rich. (48 S. C. L.), 76, is entirely in line with the general principles announced in Corpus Juris and Ruling Case Law. We do not find that the holding there made has been overruled or questioned.

The general verdict of guilty, ordinarily, meant that the appellant was guilty of the highest crime with which he was charged, that of housebreaking. See *State v. Smith,* 18 S. C., 149, *and State v. Wilson,* 162 S. C., 413, 161 S. E., 104, 81 A. L. R., 580.

While there may have been some evidence showing the appellant to be guilty of the crimes of housebreaking and larceny, the proof tended more strongly to show him to be guilty of the offense of receiving stolen goods, if he was guilty at all. In the state of all the evidence, the appellant was entitled to have the jury plainly instructed that he could not be convicted of both the larceny and the receiving of the stolen goods.

The judgment below is reversed, and the case remanded for a new trial.

MESSRS. JUSTICES STABLER, CARTER and BONHAM, and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.