16142

STATE v. TINDALL
(50 S. E. (2d) 188)

*Messrs. Samuel Want,* of Darlington, and *J. B. Gibson,* of Dillon, for Appellant,

November 8, 1948.

FISHBURNE, Justice.

The appellant, Sam Tindall, a white man, and one Preston Cade, a colored man, were tried together on an indictment containing two counts. In the first count the appellant was charged with the crime of receiving stolen goods on October 16, 1947, the property of Frank Ellerbe, knowing them to have been stolen. The second count charged appellant and Cade with grand larceny of the same goods. The subject matter of the alleged offenses consisted of four bags of sample or loose cotton, each bag containing approximately twenty-two pounds, with a total value of $22.40. A trial resulted in a verdict of guilty of grand larceny as to Cade and a verdict of guilty of receiving stolen goods of value of more than twenty dollars, knowing the goods to have been stolen, against the appellant. While the parties were tried together, Cade was not represented by counsel. The court overruled motions made by appellant for a directed verdict and for a new trial, and sentenced him to a term of imprisonment in the penitentiary. He alone brings this appeal.

The serious question before us is, assuming that the evidence would have justified a verdict of guilt upon the count charging larceny of the four bags of cotton, are there sufficient facts upon which the jury might have found a caption and asportation prior to the reception of the cotton by Tindall, the appellant? In other words, was the crime of larceny complete before appellant received the stolen goods? Our statute, Code, Section 1161, reads:

"In all cases * * * where any goods or chattels * * * of which larceny may be committed, shall have been feloniously taken or stolen by any person or persons, every person who shall buy or receive any such goods or chattels or other property, knowing the same to have been stolen, shall be held and deemed guilty of, and may be prosecuted for, a misdemeanor, and upon conviction thereof shall be punished by imprisonment, although the principal felon or felons be not previously convicted, and whether he, she or they is, or are, amenable to justice or not * * *."

The statute goes on to provide that when the property stolen shall be of less value than twenty dollars, the punishment shall not exceed imprisonment in the county jail for thirty days or a fine of not more than one hundred dollars.

In this state, the buying or receiving of stolen goods knowing them to have been stolen, is a separate substantive offense irrespective of whether the principal felon be previously convicted or be amenable to justice. *State v. Hamilton*, 172 S. C. 453, 174 S. E. 396. It is an accepted rule that one who commits larceny cannot be adjudged guilty of criminally receiving the property stolen. The difficulty comes in where the actual thief was aided by the accused in the commission of the crime.

The argument is made by counsel for appellant that the testimony offered by the state tends to prove the appellant, Tindall, guilty of larceny, as to which he was acquitted, and not guilty of buying or receiving stolen property, of which offense he was convicted.

There can be no doubt under our cases that larceny and receiving stolen goods knowing them to have been stolen, are two separate and distinct offenses. *State v. Hamilton, supra.* Consequently, the appellant could not be found guilty of the offense of receiving stolen goods unless the property was stolen by someone other than himself, and bought or received by him from the thief. Of course, if the evidence offered by the state shows that appellant was the thief, then there can be no foundation for the verdict of the jury convicting him of buying or receiving stolen goods. There can be no guilty reception unless there be a prior stealing by another.

The question presented raises the inquiry: What facts in the present record justify a finding that the appellant was not a principal in the caption and asportation of the stolen cotton, but became a participant only after the larceny was consummated? The testimony introduced by the state may

be summarized as follows: Frank Ellerbe, the owner of the cotton alleged to have been stolen, operated a cotton warehouse in the town of Latta. Cade, who was convicted by the jury of the larceny of the cotton, had been employed by Ellerbe in the warehouse to unload bales of cotton, line them up on the platform for sampling, sample and tag them. When these duties were performed, it was then Cade's duty to put the sample cotton in bags and place the bags in the warehouse. When sufficient loose cotton had thus been accumulated, it was Ellerbe's practice to have this sample cotton baled and sell it.

On October 16, 1947, there were seven sacks of sample cotton on the warehouse floor, which had been placed there by Cade, and its market value was approximately twenty-eight cents per pound. About noon on the day in question, the appellant, after selling three bales of cotton to Ellerbe's agent on the cotton platform across the railroad track from the warehouse, delivered the three bales at the warehouse. Appellant is a farmer and was accompanied by three of his tenants. Cade received the three bales and trucked and lined them up in the warehouse. Appellant, observing the seven sacks of cotton on the warehouse floor, asked Cade if the bags contained sample or remnant cotton. Cade, who was in charge of the bags of cotton, replied that they belonged to his employer, Mr. Frank Ellerbe. Appellant then said, "I will give you so much for some of it." As a result of this conversation, appellant paid Cade the sum of $2.25 for four sacks of the cotton, which according to the testimony was worth $22.40. Later, when Ellerbe discovered the loss of the sample cotton, Cade told him that someone had stolen it.

The testimony shows that there was no manual delivery of the bags of cotton by Cade, the colored employee, to appellant. The latter walked to the spot where the bags were located, picked one or more of them up to test their weight, and he together with his three tenants placed the four bags

in the trailer attached to his truck. Cade did not touch or move the bags. All that he did was to accept the money for the cotton which he knew did not belong to him, and which he told appellant was owned by Frank Ellerbe, the prosecuting witness. A few days later, appellant returned to the warehouse, when Ellerbe was absent, and paid Cade $1.25 for the remaining three bags of cotton and took them away.

In order to constitute larceny, it is essential that the subject-matter of the theft should be taken from the possession of the owner into the possession of the thief and be carried away by him. The asportation of the stolen property is an indispensable element of the offense. Ordinarily, the slightest removal of the chattel with felonious intent fulfills this requirement.

The crime of larceny and that of receiving stolen property being distinct and separate offenses, it becomes necessary to determine whether participation in the larceny by one accused of receiving the goods is of such character and extent as to make the receiving a part of the theft itself, or whether the receiving is, under the circumstances, so distinct as to constitute the separate offense defined by the statute as receiving. Thus it has been said that the reason for the general rule, that is, that the thief may not receive the stolen property from himself, disappears where the receiving of the stolen property is not embraced in the caption and asportation, or where the person prosecuted for the receiving is not the principal thief or guilty of the actual taking and carrying away. 45 Am. Jur., Sec. 10, Page 393. Accordingly, the accused may be convicted of criminally receiving stolen property, even though he was a guilty participant in the stealing of it, where he took no part in the acutal caption and asportation, but participated only as accessory before or after the fact. *State v. Coppenburg*, 2 Strob. 273, 33 S. C. L. 132; *Leon v. State,* 21 Ariz. 418, 189 P. 433, 9 A. L. R. 1393.

The evidence in this case which we have summarized, shows very clearly that appellant did not become a participant after the theft was committed, but was a principal in its caption and asportation, and if guilty of anything is guilty of larceny. He had reason to know that the bags of cotton which he took and carried away were the property of the prosecuting witness, Frank Ellerbe; that they were not owned by Cade, the negro employee, and that the purchase money which he paid was so disproportionate to the actual value of the four bags of cotton as to justify the inference that it was merely paid by him to Cade for the latter's acquiescent participation in the theft. It appears that Cade had no part in the asportation of the stolen goods.

A case which illustrates the issue presented is that of *Adams v. State*, 60 Fla. 1, 53 So. 451, 452, Ann. Cas. 1912B, 1209. There it appears that Adams, the appellant, and one Zervas, were jointly convicted of receiving, buying and selling a cow, knowing it to have been stolen. Adams alone appealed. They were acquitted upon the count charging larceny of the cow. The animal in question had been ranging about a year in a partially fenced pasture near the home of one Kendrick, the confessed thief, and the owner knew she was there. Adams and Kendrick went together to this pasture and both shot the cow, Kendrick shooting first. They then together partially butchered the animal and removed the carcass to Adams' shop, whence it was afterwards by Adams and Zervas peddled around and sold. Kendrick was paid by Adams for his participation. This, under the state's evidence, was one of a series of incidences under which Adams and Zervas obtained cattle from Kendrick which had been delivered to him under circumstances tending to show guilty knowledge. The court stated:

"We find nothing here, so far as this particular cow is concerned, to make out the crime of larceny, except actions in which Adams actually participated. * * * The only conflict in the evidence is as to guilty knowledge of the own-

ership of the cow, and the only crime the evidence could sustain was that of conspiracy or larceny, and as to these the jurors have said in effect not guilty. While we may regret that some one has blundered, our duty is clear. * * * The state has not made out against this party the substantive crime of which he was convicted, and the verdict must be set aside and a new trial awarded."

Interesting annotations on this subject are found in 136 A. L. R. 1087, and Ann. Cas. 1912B, page 1211.

In the case at bar, the acts involved in depriving the owner of his possession of the cotton were without question committed by the appellant. If larceny was committed he committed it. And he cannot be guilty of having received stolen goods, because there is no evidence that the goods were stolen unless they were stolen by him. As stated by the distinguished trial judge when overruling the motion for a new trial: "They (the jury) could very easily have found him guilty of grand larceny because under the testimony he was present aiding and abetting the negro in stealing. * * * He was present and practically supervised it and assisted in transferring it (the cotton) into his own wagon." But, as disclosed by the evidence, Cade, although convicted of grand larceny, took no part whatever in touching or moving the cotton in question. Its caption and asportation were the act of appellant and his tenants who handled its removal under his supervision. As heretofore stated, Cade took no appeal, and it is not within our province to consider his case.

We are constrained, under the unusual facts of this case, to hold that the motion for a directed verdict made by appellant should have been granted and the case is remanded so that action may be taken by the lower court in conformity with this judgment.

Judgment reversed.

BAKER, C.J., and STUKES, TAYLOR, and OXNER, JJ., concur.