## 23413

William Daniel KERRIGAN, Petitioner v.
STATE of South Carolina, Respondent.
(406 S.E. (2d) 160)
Supreme Court

*Asst. Appellate Defender Joseph L. Savitz, III, South Carolina Office of Appellate Defense, Columbia, for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Staff Atty. Marshall Prince, Columbia, for respondent.*

Submitted May 21, 1991.

Decided June 10, 1991.

HARWELL, Justice:

Petitioner William Daniel Kerrigan pled guilty to grand larceny of an automobile. We granted petitioner's writ of certiorari to review the denial of his application for post-convic-

tion relief (PCR). The issue is whether the PCR judge erred in denying petitioner's claim that his trial counsel was ineffective for failing to inform petitioner that if he went to trial, he could have requested a charge on the lesser offense of use of a vehicle without permission, and might have been convicted on the lesser offense. We reverse and remand.

## I. FACTS

Petitioner was employed as an automobile mechanic in Aiken when the events leading up to his arrest occurred. While under the influence of alcohol, petitioner drove a car from his employer's lot where it had been left for servicing by its owner. Shortly thereafter he totalled the vehicle. Although petitioner asserted at sentencing that he merely had been joyriding, he pled guilty to the felony of grand larceny and was sentenced to ten years imprisonment. No direct appeal was taken. Petitioner then applied for PCR, claiming that he received ineffective assistance of counsel because he was not advised of the existence of the lesser offense of use of a vehicle without permission articulated in S.C. Code Ann. § 16-21-60 (1985).

At the PCR hearing, trial counsel conceded that he had not discussed the offense of use of a vehicle without permission with petitioner. It is not clear from the record whether trial counsel was aware that the lesser offense of use of a vehicle without permission existed. Counsel testified that because the automobile was taken on the weekend and petitioner admitted he had stolen the car, counsel assumed petitioner would be found guilty of grand larceny.

The PCR judge determined that petitioner had received effective assistance of counsel. The PCR judge noted that an element of grand larceny is an intent to permanently retain the property of another. The PCR judge held that the lesser offense was inapplicable because petitioner had returned the vehicle only because it had been damaged, and not because he did not intend to keep it. We granted petitioner's writ of certiorari to review the denial of his application for PCR.

## II. DISCUSSION

Petitioner argues that counsel was ineffective because counsel advised petitioner to plead guilty when, had peti-

tioner gone to trial, he might have been able to convince a jury to convict him of use of a vehicle without permission, rather than grand larceny.

We have often reiterated the two-part test to prove ineffective assistance of counsel enunciated in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. (2d) 674 (1984), and applied to challenges to guilty pleas premised on ineffective assistance of counsel in *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S. Ct. 366, 370, 88 L. Ed. (2d) 203 (1985). *Stone v. State,* 294 S.C. 286, 363 S.E. (2d) 903 (1988); *Sosebee v. Leeke,* 293 S.C. 531, 362 S.E. (2d) 22 (1987); *Butler v. State,* 286 S.C. 441, 334 S.E. (2d) 813 (1985), *cert. denied,* 474 U.S. 1094, 106 S. Ct. 869, 88 L. Ed. (2d) 908 (1986). To demonstrate ineffective assistance of counsel when challenging a guilty plea, a criminal defendant must show that the trial lawyer's performance was deficient and that but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. *Hill,* 474 U.S. at 58-59, 106 S. Ct. at 370-71.

Larceny is defined as a felonious taking of the goods of another without the consent of the other. *State v. Brown,* 274 S.C. 48, 49, 260 S.E. (2d) 719, 720 (1979). Implicit in the definition is an intent by the offender to permanently deprive the owner of possession by converting the property to the taker's own use. *State v. Watson,* 7 S.C. 63, 66 (1875). Use of a vehicle without permission is a separate offense requiring an intent to only temporarily deprive the owner of possession of his vehicle. S.C. Code Ann. § 16-21-60 (1985). Use of a vehicle without permission is a misdemeanor which, when unaccompanied by the commission of or intent to commit a crime other than taking the vehicle, is punishable by a fine of not more than five hundred dollars or imprisonment of not more than one year, or both. *Id.*

Petitioner has consistently maintained that he did not intend to keep the car. Trial counsel argued prior to sentencing that petitioner did not intend to keep the car. Yet counsel advised petitioner to plead guilty to the felony charge of grand larceny. We find counsel's failure to distinguish the permanency element of larceny from the provisions of S.C. Code Ann. § 16-21-60 (1985) regarding temporary deprivation constituted deficient performance.

We also find that petitioner has satisfied the second prong of the ineffective assistance of counsel test because but for counsel's errors, petitioner would not have pled guilty. Petitioner steadfastly maintained his intent to return the car to his employer's lot, even before he was apprised of a potential alternative to the grand larceny charge. In light of these facts, we find it credible that but for the recommendation of his attorney, petitioner would not have pled guilty and would have insisted on going to trial in an effort to mitigate his sentence.

## III. CONCLUSION

We hold that petitioner's counsel was ineffective because he failed to advise petitioner that if he went to trial, he could have requested a charge on the lesser offense and might have been convicted of the misdemeanor of use of a vehicle without permission rather than the felony of grand larceny. Furthermore, we hold that petitioner was prejudiced by counsel's deficient performance because but for counsel's failure to advise petitioner of the lesser offense, he would not have pled guilty. Accordingly, the order of the PCR judge is

Reversed and remanded.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.