## 2184

The STATE, Respondent v. Daniel McNEIL, Appellant.

(445 S.E. (2d) 461)

Court of Appeals

*Chief Attorney Daniel T. Stacey* and *Asst. Appellate Defender Lisa T. Gregory,* both of *SC Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney General T. Travis Medlock, Chief Deputy Atty. Gen., Donald J. Zelenka, Sr. Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia; and *Sol. C. Gordon McBride,* Hartsville, *for respondent.*

Heard April 13, 1994.

Decided May 23, 1994.

CONNOR, Judge:

Daniel McNeil was indicted for resisting arrest and grand larceny of a vehicle. He pleaded guilty to resisting arrest and possession of a stolen vehicle. On appeal, he argues the circuit court did not have subject matter jurisdiction to sentence him on the possession of a stolen vehicle charge because he did not specifically waive his right to be indicted by the grand jury on that charge. We vacate the guilty plea.

McNeil was indicted for grand larceny of a vehicle, but pleaded guilty to possession of a stolen vehicle. He signed a waiver on the bottom of the indictment for grand larceny that stated, "I voluntarily waive presentment to the grand jury on *this* indictment" (emphasis added). The indictment was for grand larceny of a vehicle.

Except for certain minor offenses, the circuit court does not have subject matter jurisdiction to hear a guilty plea unless (1) there has been an indictment; (2) there has been a waiver of indictment; or (3) the charge is a lesser included offense of the crime charged in the indictment. *Murdock v. State,* 308 S.C. 143, 417 S.E. (2d) 543 (1992).

## I. Waiver of Indictment:

In order for a defendant to waive presentment to the grand jury, certain statutory requirements must be met. S.C. Code Ann. §§ 17-23-130 and 17-23-140 (1985). "By their plain language [these sections] make a written waiver of presentment of indictments not presented to a grand jury mandatory before the trial judge can accept the plea." *Summerall v. State*, 278 S.C. 255, 256, 294 S.E. (2d) 344, 344 (1982) (guilty pleas invalid where appellant failed to sign waiver of indictment because of administrative error).

Our Supreme Court has strictly construed the requirement of a written waiver of an indictment. In this case, the written waiver referred to an indictment for grand larceny. The failure to properly execute the waiver rendered the plea of guilty to possession of a stolen vehicle invalid.[1]

## II. Lesser Included Offense:

The State also asserts possession of a stolen vehicle is a lesser included offense of larceny. An indictment will generally sustain a conviction for a lesser offense included within a greater offense. *State v. Fennell*, 263 S.C. 216, 209 S.E. (2d) 433 (1974). However, a conviction may be had for a different offense only when the greater offense charged includes all the legal and factual elements of the lesser offense. If the lesser offense requires the inclusion of some necessary element not included in the greater, the lesser is not included. *Id.* (citations omitted).

Receiving stolen goods is not a lesser-included offense of grand larceny. The receiving stolen goods statute [S.C. Code Ann. § 16-13-180 (Supp. 1993)] requires receipt of the goods by someone other than th the person who actually stole them. *State v. Hamilton*, 172 S.C. 453, 174 S.E. 396 (1934). The court reasoned in *Hamilton* that "[w]here a larceny has been committed, the principal thief, that is, the one who is guilty of the actual caption and asportation, cannot be adjudged guilty of criminally receiving the thing stolen for the reason that he cannot receive from himself." *Id.* at 455,

---

[1] While the Record on Appeal indicates the improper waiver may have been the result of administrative error, prior precedents of the South Carolina Supreme Court require strict compliance with the requirements of the statute.

174 S.E. at 397. *See also State v. Martin,* 278 S.C. 256, 294 S.E. (2d) 345 (1982) (vacating guilty plea where defendant was indicted for housebreaking and larceny but pleaded guilty to receiving stolen goods); *State v. Sweat,* 221 S.C. 270, 70 S.E. (2d) 234 (1952) (noting one who commits larceny cannot be adjudged guilty of criminally receiving the stolen property); *State v. Tindall,* 213 S.C. 484, 50 S.E. (2d) 188 (1948) (buying or receiving stolen goods knowing them to have been stolen is a separate substantive offense from larceny).

On the other hand, use of a vehicle without permission [S.C. Code Ann. § 16-21-60 (Supp. 1993)] is a lesser included offense of larceny. *Kerrigan v. State,* 304 S.C. 561, 406 S.E. (2d) 160 (1991). Larceny requires the felonious taking of the goods of another without consent. *Id.* at 563, 406 S.E. (2d) at 161. Because use of a vehicle without permission requires an intent to temporarily deprive the owner of possession, it is a lesser included offense of larceny, which requires an intent to permanently deprive the owner of possession. However, the possessor is a taker, not a receiver.

*Hamilton* rather than *Kerrigan* controls the facts of this case.[2] The possession of a stolen vehicle statute [S.C. Code Ann. § 16-21-80 (1985)] requires the defendant "receives, possesses, conceals, sells or disposes of" a stolen vehicle "knowing it to be stolen." Applying the *Hamilton* analysis, grand larceny and possession of a stolen vehicle are separate and distinct offenses because the possession of a stolen vehicle statute requires the defendant receive the goods from someone who actually stole them, and he cannot receive from himself.

The guilty plea is vacated.[3]

Vacated.

BELL and GOOLSBY, JJ., concur.

---

[2] The State acknowledged at oral argument *Hamilton* is controlling in this case.

[3] Possession of a stolen vehicle carried a maximum sentence of five years at the time defendant pleaded guilty. He received a sentence of 10 years suspended to 9 years. We do not address this issue since it was not raised.