PROPOSED OPINION

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Esau Davis,       
Appellant.
 
 
 

Appeal From Dorchester County
Diane Schafer Goodstein, Circuit Court 
 Judge

Unpublished Opinion No.  2005-UP-119
Submitted February 1, 2005  Filed February 
 16, 2005

AFFIRMED

 
 
 
Assistant Appellate Defender 
 Robert M. Dudek, Office of Appellate Defense, of Columbia, for Appellant.
Deputy Director for Legal Services Teresa A. Knox,.Legal Counsel Tommy Evans, Jr. 
 and Legal Counsel J. Benjamin Aplin, S.C. Dept. of Probation, all of Columbia, 
 for Respondent.
 
 
 

PER CURIAM:  In this appeal, Esau Davis 
 argues the circuit court lacked jurisdiction to accept a guilty plea and revoke 
 his probation.  We affirm. 
FACTS
In August 2002, a Dorchester County grand 
 jury indicted Davis for throwing bodily fluids on a correctional facility employee.  
 On November 19, 2002, Davis pled guilty to the charge and received a sentence 
 of three years suspended to three years probation.  Daviss probation was subject 
 to a number of conditions including that Davis would not change residences without 
 the consent of his agent, would pay a supervision fee, and that he would follow 
 the advice and/or instructions of his agent.  
Davis was subsequently charged with violating 
 several conditions of his probation, including those outlined above.  On February 
 24, 2003, Davis appeared at an administrative hearing to discuss the alleged 
 violations.  At the conclusion of the hearing, an administrative hearing officer 
 completed a report which found that Davis committed several violations of his 
 probation.  In the report, the hearing officer recommended a partial revocation 
 of Daviss probation for one year and screening for shock incarceration.  The 
 report also noted For Information Purposes Only: The Subject Has A Pending 
 Charge For Shoplifting 3rd.  
On April 24, 2003, Davis appeared for 
 a guilty plea/probation revocation hearing.  As the administrative hearing report 
 noted, Davis faced one count of shoplifting, his third offense.  While questioning 
 Davis during the plea proceeding, the court inquired as to whether he was aware 
 that a conviction on the shoplifting charge would violate his probation and 
 expose him to three years in prison.  Davis responded in the affirmative.  Ultimately, 
 the court accepted his guilty plea and imposed a sentence of thirty days with 
 credit for time served.  The court also revoked Daviss probation in accordance 
 with the administrative hearing officers recommendation.  The shoplifting charge 
 was not a factor in the revocation of Daviss probation.
LAW/ANALYSIS
On appeal, Davis argues his guilty 
 plea and probation revocation should be vacated because he did not waive grand 
 jury presentment in writing, and his probation was simultaneously revoked with 
 his guilty plea.  We disagree.
 In a criminal case, the circuit court has subject 
 matter jurisdiction to convict a defendant only if: (1) there has been an indictment 
 which sufficiently states the offense; (2) there has been a waiver of the indictment; 
 or (3) the charge is a lesser-included charge of the crime charged in the indictment.  
 Cutner v. State, 354 S.C. 151, 155, 580 S.E.2d 120, 122 (2003).  Furthermore, 
 [t]he lack of subject matter jurisdiction can be raised at any time, can be 
 raised for the first time on appeal, and can be raised sua sponte 
 by the court.  State v. Guthrie, 352 S.C. 103, 107, 572 S.E.2d 309, 
 311 (Ct. App. 2002) (citing State v. Brown, 351 S.C. 522, 570 S.E.2d 
 559 (2002)).
In order for a defendant to waive presentment 
 of an indictment, such waiver must be in writing.  S.C. Code Ann. § 17-23-130 
 & 140 (2003); State v. McNeil, 314 S.C. 473, 475, 445 S.E.2d 461, 
 462 (Ct. App. 1994); see also Summerall v. State, 278 S.C. 
 255, 294 S.E.2d 344 (1982) (holding failure to execute written waivers of presentment 
 rendered guilty pleas invalid).
In the present case, it could not be clearer 
 that Davis did execute a written waiver of presentment.  At the beginning of 
 the plea proceeding, the court inquired as to whether Davis was informed of 
 his right to have the matter submitted to a grand jury.  Daviss counsel answered 
 that he was so informed.  To further ensure Davis knew of his right to grand 
 jury presentment, the trial court provided Davis and defense counsel time to 
 discuss the issue.  After a brief recess, defense counsel explained, Ive explained 
 to him his rights as to the grand jury; and he wishes to waive that right.  
 The court went on to explain, in detail, the consequences of waiving presentment, 
 and Davis responded that he wished to waive the presentment and proceed here 
 today.  At this point, the following colloquy took place:

 The Court:  All right, Sir.  And [your intention 
 to waive presentment has] been indicated on the plea sheet where you have signed; 
 is that right? [1] 
 [Davis]:  Yes, Maam.
 The Court:  Very well.  So youve indicated 
 both orally and in writing that intention; is that right?
 [Davis]:  Yes, Maam.

Because it is clear from the record 
 that Davis did properly waive presentment in writing, we find his argument to 
 be without merit.  We also note that the shoplifting charge was not a factor 
 the trial court used to revoke Daviss probation; thus, to the extent Davis 
 argues his probation revocation is invalid because of the alleged errors with 
 the shoplifting charge, we find this argument to be meritless as well.
AFFIRMED. 
 [2] 
 HEARN, C.J., KITTREDGE, and WILLIAMS, JJ., concur.

 
 
 [1] The plea sheet is in the record, and Daviss signature is located 
 just below a box that is checked and reads Defendant Waives Presentment to 
 Grand Jury.  

 
 [2] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.