THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Christopher
 Hawks, Appellant.
 
 
 

Appeal From York County
Lee S. Alford, Circuit Court Judge

Unpublished Opinion No. 2012-UP-260   
 Submitted April 2, 2012  Filed May 2,
2012

AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, of
 Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Deborah R. J. Shupe, all of Columbia;
 and Solicitor Kevin S. Brackett, of York, for Respondent.
 
 
 

PER CURIAM: Christopher
 Hawks appeals his convictions of assault and battery of a high and aggravated
 nature, leaving the scene of an accident involving personal injury, and
 reckless driving, arguing the trial court erred in refusing to allow Hawks to
 impeach a witness with her Virginia conviction for unauthorized use of a
 vehicle pursuant to Rule 609(a)(2), SCRE.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: State v.
 Dickerson, 395 S.C. 101, 116, 716 S.E.2d 895, 903 (2011) ("The
 admission of evidence is within the [trial] court's discretion and will not be
 reversed on appeal absent an abuse of that discretion."); Rule 609(a)(2),
 SCRE ("For the purpose of attacking the credibility of a witness . . .
 evidence that any witness has been convicted of a crime shall be admitted if it
 involved dishonesty or false statement, regardless of the punishment."); State
 v. Al-Amin, 353 S.C. 405, 425, 578 S.E.2d 32, 43 (Ct. App. 2003) ("It
 is the larcenous element of taking property of another which makes the action
 dishonest."); Kerrigan v. State, 304 S.C. 561, 563, 406 S.E.2d 160,
 161 (1991) ("Implicit in the definition [of larceny] is an intent by the
 offender to permanently deprive the owner of possession . . . ."); Va.
 Code Ann. § 18.2-102 (1981) ("Any person who shall take, drive or use any
 . . . vehicle . . . not his own, without the consent of the owner thereof and
 in the absence of the owner, and with intent temporarily to deprive the
 owner thereof of his possession thereof, without intent to steal the same,
 shall be guilty of a Class 6 felony; provided, however, that if the value of
 such . . . vehicle . . . shall be less than $200, such person shall be guilty
 of a Class 1 misdemeanor." (emphasis added)).  
AFFIRMED.
WILLIAMS,
 THOMAS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.