THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 James Douglas Tinsley, Appellant.
 
 
 

Appeal From Oconee County
 J.C. Buddy Nicholson Jr., Circuit Court
Judge

Unpublished Opinion No. 2012-UP-321   
Submitted May 1, 2012 – Filed May 30, 2012

AFFIRMED

 
 
 
 Appellate Defender Tristan M. Shaffer, of
 Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley
 W. Elliott, and Assistant Attorney General David Spencer, all of Columbia; and Solicitor
 Christina T. Adams, of Anderson, for Respondent.
 
 
 

PER CURIAM:  James
 Douglas Tinsley appeals his convictions of possession of a stolen vehicle and
 two counts of receiving stolen goods, arguing the circuit court erred in
 denying his motion for a directed verdict because evidence was presented he
 participated in the actual theft of the stolen property.  We affirm.[1]
An appellate court reviews
 the denial of a directed verdict by viewing the evidence and all reasonable
 inferences in the light most favorable to the State.  State v. Weston,
 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006).  "If there is any direct
 evidence or any substantial circumstantial evidence reasonably tending to prove
 the guilt of the accused, [an appellate court] must find the case was properly
 submitted to the jury."  Id. at 292-93, 625 S.E.2d at 648.  The
 circuit court may not consider the weight of the evidence.  Id. at 292,
 625 S.E.2d at 648.
The offenses of receiving
 stolen goods and receiving, possessing, concealing, selling, or disposing of a
 stolen vehicle closely mirror each other.  S.C. Code Ann. § 16-13-180 (Supp.
 2011); S.C. Code Ann. § 16-21-80 (Supp. 2011).  The elements of both statutes
 are met if the State can show the defendant had possession of the stolen
 property and knowledge the property was stolen.  § 16-13-180(A); § 16-21-80.  Both
 possession and knowledge can be proven by circumstantial evidence.  State v.
 Ballenger, 322 S.C. 196, 199-200, 470 S.E.2d 851, 854 (1996); State v.
 Williams, 350 S.C. 172, 175 n.5, 564 S.E.2d 688, 690 n.5 (Ct. App. 2002).
South Carolina courts have
 consistently held that a defendant cannot be convicted of both the theft of the
 property and the separate and distinct offense of receiving the stolen
 property.  State v. Hamilton, 172 S.C. 453, 455, 174 S.E. 396, 396
 (1934) (recognizing that a defendant can be charged with both offenses but can
 only be convicted of one); see also State v. McNeil, 314 S.C.
 473, 475, 445 S.E.2d 461, 462 (Ct. App. 1994) (holding that the offense of
 possession of a stolen vehicle is not a lesser-included offense of grand
 larceny).  The question of which offense the defendant is guilty of, however,
 is for the jury to decide if the facts are in dispute.  Hamilton, 172
 S.C. at 455, 174 S.E. at 396 ("While one may be charged in an indictment
 with both of these crimes, he cannot be convicted of both.").
We find the circuit court
 properly denied Tinsley's motion for a directed verdict.  The fact that the
 property was stolen was not in dispute, and Tinsley, who sold the property
 substantially under market value, possessed bills of sale falsely indicating he
 was a buyer of the stolen property.  Moreover, his codefendant testified
 Tinsley participated in the scheme, arranged storage units, and knew the
 property was stolen.  Although Tinsley denied knowing the property was stolen when
 he took the witness stand, his strategy evidently was to produce evidence of
 his participation in the larcenies during the State's case-in-chief to preclude
 conviction of the charged offenses.  His cross-examination of his codefendant,
 however, merely created a factual dispute in light of the State's election only
 to prove Tinsley was knowingly in possession of the stolen property.  Thus, in
 a light most favorable to the State, both direct and substantial circumstantial
 evidence support the State's theory, and the circuit court properly submitted
 the charges to the jury.  Accordingly, the decision of the circuit court is
AFFIRMED.
PIEPER, KONDUROS, and
 GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.