679 S.E.2d 172

**The STATE, Respondent,**

v.

**Shawn WILES, Petitioner.**

**No. 26674.**

Supreme Court of South Carolina.

Heard May 13, 2009.

Decided June 22, 2009.

</div>

---

154

---

Appellate Defender M. Celia Robinson, of South Carolina Commission on Indigent Defense, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia, and Solicitor Donald V. Myers, of Lexington, for Respondent.

Justice WALLER:

Petitioner Shawn Wiles was indicted for assault and battery with intent to kill (ABIK), failure to stop for a blue light, and possession of a stolen vehicle. A jury convicted him of assault and battery of a high and aggravated nature (ABHAN) and failure to stop for a blue light.[1] Pursuant to Rule 220(b), SCACR, the Court of Appeals affirmed in an unpublished opinion. *See State v. Wiles*, Op. No.2007–UP–318 (S.C. Ct. App. filed June 14, 2007). We granted petitioner's request for a writ of certiorari to review the Court of Appeals' decision. We affirm as modified.

---

1. Petitioner moved for a directed verdict on the possession of a stolen vehicle charge because evidence admitted at trial indicated that petitioner himself had stolen the car in Georgia. The trial court granted the motion. *See State v. McNeil*, 314 S.C. 473, 445 S.E.2d 461 (Ct.App. 1994) (the possession of a stolen vehicle statute requires that the defendant receive the goods from someone who actually stole them; he cannot receive the vehicle from himself).

## FACTS

On December 26, 2003, a state trooper clocked two vehicles traveling 101 mph on Highway 25 in Edgefield County. The first vehicle was a pickup truck, and the second was a stolen 1997 Ford Crown Victoria driven by petitioner. Putting on his blue light and siren, the trooper gave chase. The truck lost control and veered off the road. The Ford then pulled over, but as the trooper approached it, the car turned around and headed back on the highway.

The high-speed chase again ensued with the trooper and another highway patrol vehicle pursuing petitioner. The trooper testified that petitioner turned onto Route 378 toward Saluda and drove at speeds over 120 mph while passing other cars on the road in an unsafe manner. A few miles outside the city of Saluda, the trooper's supervisor directed him to terminate the chase because of safety concerns.

However, Saluda County Sheriff's deputy Frank Daniel was at that same time responding to the call about the chase. Deputy Daniel was in an intersection waiting to make a left turn onto Route 378 when petitioner ran a red light and crashed into Deputy Daniel's car.[2]

The force of the collision with the deputy's car propelled the Ford into a nearby building. Petitioner and his female passenger exited the car, and went into the building. A SWAT team responded to the scene, and eventually petitioner was located in the building hiding above the ceiling tiles. Petitioner was unarmed, and the SWAT team apprehended him without further incident.

At trial, evidence was admitted that approximately one week before the chase petitioner had escaped from a South Carolina prison.[3] A Department of Corrections (DOC) investigator interviewed petitioner when he was re-incarcerated. According to the investigator, petitioner's thoughts while driving 140 mph were that "he was about to be killed or would end up killing someone in the process of trying to get away from

---

2. The deputy was taken to the hospital and missed 5 days of work, but he was not seriously injured.

3. The record reflects that in a separate proceeding prior to the instant trial, petitioner pled guilty to, and was sentenced for, the escape.

the police." On cross-examination, the DOC investigator acknowledged petitioner had told him that he panicked when he saw the trooper and he did not intentionally try to ram into the deputy's car.

The jury convicted petitioner of the lesser included offense of ABHAN and failure to stop for a blue light. The trial court sentenced petitioner to consecutive sentences of 10 years for ABHAN, and three years for the failure to stop.

On appeal, petitioner argued the trial court erred in allowing evidence of petitioner's escape. Finding the issue unpreserved, the Court of Appeals affirmed.

## ISSUES

1.  Did the Court of Appeals err in finding petitioner's issue on appeal unpreserved?
2.  Did the trial court err in admitting evidence of petitioner's escape?

## DISCUSSION

### 1. Issue Preservation

■ Prior to jury selection, petitioner made a motion *in limine* to exclude evidence of his escape. The trial court ruled the evidence admissible to show *res gestae,* motive and intent. Petitioner appealed the trial court's ruling, but the Court of Appeals found the issue unpreserved for appellate review. *See State v. Wiles, supra (citing State v. Forrester,* 343 S.C. 637, 642, 541 S.E.2d 837, 840 (2001)). Petitioner argues the Court of Appeals erred because the trial judge's ruling was final. Furthermore, petitioner contends that counsel renewed his objection when the escape evidence was admitted. We agree with petitioner that this issue is preserved.

■ Generally, a motion *in limine* is not a final determination; a contemporaneous objection must be made when the evidence is introduced. *State v. Forrester,* 343 S.C. at 642, 541 S.E.2d at 840. There is an exception to this general rule when a ruling on the motion *in limine* is made "immediately prior to the introduction of the evidence in question." *Id.* This exception is based on the fact that when the trial court's ruling is

not preliminary, but instead is clearly a final ruling, there is no need to renew the objection. *Id.* (citing *State v. Mueller,* 319 S.C. 266, 268–69, 460 S.E.2d 409, 410 (Ct.App.1995)).[4]

In the instant case, the evidence was not immediately introduced after the motion *in limine.* Nonetheless, by his actions, the trial judge clearly indicated that his ruling was a final, rather than preliminary, one because he commented **to the jury** about petitioner's escape before any evidence was admitted. Specifically, the trial judge told the jury the following:

> The State is gonna attempt to introduce evidence related to the fact, in their view, that [petitioner] was an escapee from another institution.... The evidence ... related to an escape is only allowed to be used for you to evaluate what his motives were, what his intents were, whether there was a mistake or accident, something like that.

Moreover, the escape was then referenced by both the State and petitioner's counsel in their opening statements.

In our opinion, the trial court's ruling on the admission of evidence regarding petitioner's escape was a final ruling, and therefore, petitioner's argument that the evidence was improperly admitted is preserved for appellate review.[5] *See Forrester, supra.*

Thus, we find the Court of Appeals erred in ruling that the issue raised on appeal was procedurally barred.

## 2. Evidence of Escape

Turning to the merits, petitioner argues the trial court judge erred in allowing the evidence of his escape to be admitted at trial on the ABIK and failure to stop charges. Petitioner contends the evidence should have been excluded as improper evidence of prior bad acts and because it was more prejudicial than probative. We disagree.

---

**4.** *See also Staubes v. City of Folly Beach,* 339 S.C. 406, 415, 529 S.E.2d 543, 547 (2000) ("This Court does not require parties to engage in futile actions in order to preserve issues for appellate review.").

**5.** In any event, we note counsel did specifically renew his objection on the record when this evidence was first admitted.

■ Evidence is relevant and admissible if it tends to establish or make more or less probable the matter in controversy. *See* Rules 401 & 402, SCRE. Evidence of other crimes, wrongs, or acts is generally not admissible to prove the character of a person in order to show action in conformity therewith; however, such evidence may be admissible "to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent." Rule 404(b), SCRE. The evidence admitted must logically relate to the crime with which the defendant has been charged. *E.g.*, *State v. Stokes*, 381 S.C. 390, 673 S.E.2d 434 (2009); *State v. Beck*, 342 S.C. 129, 135, 536 S.E.2d 679, 682–83 (2000).

■ Stated differently, evidence which is "logically relevant to establish a material element of the offense charged is not to be excluded merely because it incidentally reveals the accused's guilt of another crime." *State v. Green*, 261 S.C. 366, 371, 200 S.E.2d 74, 77 (1973); *see also State v. Adams*, 322 S.C. 114, 122, 470 S.E.2d 366, 370–71 (1996) (evidence of other crimes which supplies the context of the crime, or is intimately connected with and explanatory of the crime charged, is admissible as *res gestae* evidence).

■ Nonetheless, even where the evidence is shown to be relevant, if its probative value is substantially outweighed by the danger of unfair prejudice, the evidence must be excluded. *See* Rule 403, SCRE. Unfair prejudice means an undue tendency to suggest decision on an improper basis. *State v. Stokes, supra; State v. Beck, supra.*

■ Here, the evidence of petitioner's escape was logically relevant for several reasons. First, the evidence of escape shows his **motive** for fleeing from police; thus, it was relevant on the failure to stop for a blue light charge. *See* Rule 404(b), SCRE. Second, the evidence that petitioner was an escapee was relevant to his alleged **intent** on the ABIK charge. *Id.; cf. State v. Green, supra* (where the Court held that evidence of appellants' escape from prison, and their status as fugitives, was admissible on the issues of intent and common design in an attempted armed robbery case). Finally, this evidence was

also admissible under the *res gestae* theory. *See State v. Adams, supra.*[6]

■ Further, we find this evidence was not unduly prejudicial. *See* Rule 403, SCRE; *State v. Stokes, supra; State v. Beck, supra.*

Accordingly, the trial court did not err in admitting the evidence of petitioner's escape, and the Court of Appeals' opinion is **AFFIRMED AS MODIFIED.**

TOAL, C.J., PLEICONES, BEATTY and KITTREDGE, JJ., concur.

---

6. We agree with the State that the evidence of petitioner's escape was "the first link in a chain of circumstances" which led to the criminal charges in the instant case. *State v. Green,* 261 S.C. at 372, 200 S.E.2d at 77.