THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Phillip Marlon Turner, Appellant.
 
 
 

Appeal from Dorchester County
 Diane Schafer Goodstein, Circuit Court
Judge

Unpublished Opinion No.  2012-UP-263
 Submitted April 2, 2012  Filed May 2,
2012  

AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, of
 Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General
 Salley W. Elliott, and Senior Assistant Attorney General Harold M. Coombs Jr.,
 all of Columbia; and Solicitor David M. Pascoe Jr., of Summerville, for
 Respondent.
 
 
 

PER CURIAM: Phillip Marlon Turner appeals his conviction of assault and battery with
 intent to kill, arguing the trial court erred in allowing the State, on
 re-direct examination, to introduce a witness's statement when Turner had not
 introduced any portion of the statement.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authority: State v. Wiles,
 383 S.C. 151, 156, 679 S.E.2d 172, 175 (2009) (holding to preserve an issue regarding the admissibility of
 evidence, a contemporaneous objection must be made).[2]  
AFFIRMED.
PIEPER,
 KONDUROS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument
 pursuant to Rule 215, SCACR.
[2] Even if
 we were to find the issue preserved, we would affirm.  See State v.
 Patterson, 367 S.C. 219, 227-28, 625 S.E.2d 239, 243 (Ct. App. 2006)
 (holding fundamental fairness required an entire statement to police to be
 admitted into evidence pursuant to Rule 106, SCRE, after defense counsel made
 certain inquiries about the statement, opening the door to its admission).