**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

Keenan Coakley, Appellant.

Appellate Case No. 2013-002659

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

Unpublished Opinion No. 2015-UP-412
Submitted July 1, 2015 – Filed August 12, 2015

**AFFIRMED**

William L. Runyon, Jr., of Charleston, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) (stating "admission of evidence is within the discretion of the trial court and will not be

reversed absent an abuse of discretion," which occurs when the trial court's conclusions "either lack evidentiary support or are controlled by an error of law"); *State v. Thompson*, 352 S.C. 552, 560, 575 S.E.2d 77, 82 (Ct. App. 2003) ("The decision to grant or deny a mistrial is within the sound discretion of the trial [court]."); Rule 404(b), SCRE ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent."); *State v. Fletcher*, 379 S.C. 17, 23, 664 S.E.2d 480, 483 (2008) ("Under Rule 404(b), . . . evidence of other crimes, wrongs, or acts is generally not admissible to prove the defendant's guilt for the crime charged."); Rule 403, SCRE (providing relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice"); *State v. Wiles*, 383 S.C. 151, 158, 679 S.E.2d 172, 176 (2009) ("Unfair prejudice means an undue tendency to suggest decision on an improper basis."); *Thompson*, 352 S.C. at 560-61, 575 S.E.2d at 82 (holding a vague reference to a defendant's prior criminal record was insufficient to justify a mistrial when the State made no attempt to introduce evidence that the defendant was convicted of other crimes).

**AFFIRMED.**[1]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.