**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jerry Lewis Gardner, Jr., Appellant.

Appellate Case No. 2015-002604

Appeal From Charleston County
Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2017-UP-221
Submitted May 1, 2017 – Filed May 24, 2017

**AFFIRMED**

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Vann Henry Gunter, Jr., both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Adams*, 354 S.C. 361, 377, 580 S.E.2d 785, 793 (Ct. App. 2003) ("The admission or exclusion of evidence is left to the sound discretion of

the trial [court]."); *id.* ("A [trial] court's ruling on the admissibility of evidence will not be reversed on appeal absent an abuse of discretion or the commission of legal error which results in prejudice to the defendant."); *id.* at 378, 580 S.E.2d at 793-94 ("An abuse of discretion occurs when the trial court's ruling is based on an error of law."); *State v. Collins*, 409 S.C. 524, 534, 763 S.E.2d 22, 27 (2014) ("As a general rule, all relevant evidence is admissible."); *State v. Gillian*, 373 S.C. 601, 612, 646 S.E.2d 872, 878 (2007) ("Evidence is relevant if it tends to make more or less probable a fact in issue."); *State v. Wiles*, 383 S.C. 151, 158, 679 S.E.2d 172, 176 (2009) ("Nonetheless, even where the evidence is shown to be relevant, if its probative value is substantially outweighed by the danger of unfair prejudice, the evidence must be excluded."); *id.* ("Unfair prejudice means an undue tendency to suggest decision on an improper basis."); *Adams*, 354 S.C. at 378, 580 S.E.2d at 794 ("A trial [court's] decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances."); *Gillian*, 373 S.C. at 609, 646 S.E.2d at 876 ("The determination of the prejudicial effect of the evidence must be based on the entire record and the result will generally turn on the facts of each case.").[1]

**AFFIRMED.**[2]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] We note Rule 404(b), SCRE, does not apply to the admission of the redacted sticky note because it was not evidence of "other crimes, wrongs, or acts."

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.