**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Joseph Umphlett, Appellant.

Appellate Case No. 2015-002121

Appeal From Berkeley County
Kristi Lea Harrington, Circuit Court Judge

Unpublished Opinion No. 2017-UP-386
Submitted September 1, 2017 – Filed October 18, 2017

**AFFIRMED**

Appellate Defender John Harrison Strom and Chief
Appellate Defender Robert M. Dudek, both of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General William M. Blitch, Jr., both of
Columbia; and Solicitor Scarlett Anne Wilson, of
Charleston, all for Respondent.

**PER CURIAM:** Joseph Umphlett appeals his convictions for trafficking
methamphetamine, possession of a weapon during the commission of a violent

crime, and possession of a firearm by a convicted felon. Umphlett was sentenced to life imprisonment pursuant to section 17-25-45 of the South Carolina Code (2014 & Supp. 2016). On appeal, Umphlett argues the trial court erred by (1) denying his motion to suppress evidence obtained from the execution of a search warrant and (2) admitting his verbal statements and written confession to law enforcement. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to the search warrant: *State v. Wiles*, 383 S.C. 151, 156, 679 S.E.2d 172, 175 (2009) ("Generally, a motion *in limine* is not a final determination; a contemporaneous objection must be made when the evidence is introduced."); *id.* ("There is an exception to this general rule when a ruling on the motion *in limine* is made 'immediately prior to the introduction of the evidence in question.'" (quoting *State v. Forrester*, 343 S.C. 637, 642, 541 S.E.2d 837, 840 (2001))); *State v. King*, 349 S.C. 142, 150, 561 S.E.2d 640, 644 (Ct. App. 2002) ("[A] defendant's *in limine* motion to suppress evidence should be renewed at trial to preserve the issue for review . . . .").

2. As to the statements: *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *id.* ("This [c]ourt is bound by the trial court's factual findings unless they are clearly erroneous."); *State v. Collins*, 409 S.C. 524, 530, 763 S.E.2d 22, 25 (2014) ("The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice."); *State v. Saltz*, 346 S.C. 114, 135-36, 551 S.E.2d 240, 252 (2001) ("A statement obtained as a result of custodial interrogation is inadmissible unless the suspect was advised of and voluntarily waived his rights under [*Miranda v. Arizona*, 384 U.S. 436 (1966)]."); *id.* at 136, 551 S.E.2d at 252 ("The trial court's factual conclusions as to the voluntariness of a statement will not be disturbed on appeal unless so manifestly erroneous as to show an abuse of discretion."); *id.* ("When reviewing a trial court's ruling concerning voluntariness, this [c]ourt does not reevaluate the facts based on its own view of the preponderance of the evidence, but simply determines whether the trial court's ruling is supported by any evidence.").

**AFFIRMED.**

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.