**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Valentino M. Hayward, Appellant.

Appellate Case No. 2015-002663

———————

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-112
Submitted February 1, 2019 – Filed March 20, 2019

———————

**AFFIRMED**

———————

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Susannah Rawl Cole, all of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Collins*, 409 S.C. 524, 534, 763 S.E.2d 22, 27 (2014) ("The

relevancy, materiality, and admissibility of photographs as evidence are matters left to the sound discretion of the trial court." (quoting *State v. Nance*, 320 S.C. 501, 508, 466 S.E.2d 349, 353 (1996))); *id.* ("As a general rule, all relevant evidence is admissible."); *State v. Gillian*, 373 S.C. 601, 612, 646 S.E.2d 872, 878 (2007) ("Evidence is relevant if it tends to make more or less probable a fact in issue."); *State v. Wiles*, 383 S.C. 151, 158, 679 S.E.2d 172, 176 (2009) ("Nonetheless, even where the evidence is shown to be relevant, if its probative value is substantially outweighed by the danger of unfair prejudice, the evidence must be excluded."); *State v. Adams*, 354 S.C. 361, 378, 580 S.E.2d 785, 794 (Ct. App. 2003) ("A trial [court's] decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances."); *Collins*, 409 S.C. at 534, 763 S.E.2d at 27 ("If the offered photograph serves to corroborate testimony, it is not an abuse of discretion to admit it." (quoting *Nance*, 320 S.C. at 508, 466 S.E.2d at 353)); *id.* at 536, 763 S.E.2d at 28 ("Where the State had the burden of proving the elements of the offenses charged and there were no eyewitnesses to the incident resulting in the victim's death, the photos . . . provide[] concrete evidence as to what transpired on that fateful day.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.