**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Samuel Jeremiah Jeter, Appellant.

Appellate Case No. 2019-000065

―――――――――――――

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

―――――――――――――

Unpublished Opinion No. 2021-UP-152
Submitted April 1, 2021 – Filed May 5, 2021

―――――――――――――

**AFFIRMED**

―――――――――――――

Appellate Defender Jessica M. Saxon, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William Frederick Schumacher, IV, both of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, all for Respondent.

―――――――――――――

**PER CURIAM:** Samuel Jeremiah Jeter appeals his conviction and life sentence for first-degree burglary. On appeal, Jeter argues the trial court erred in admitting a 911 phone call from the victim because the phone call included cumulative

evidence and was unfairly prejudicial to his defense.  We hold the trial court did not abuse its discretion in admitting the 911 phone call because it was relevant to provide a full presentation of Jeter's offense as it included the victim's ongoing perception of the crime scene immediately after Jeter left her home.  Additionally, the 911 phone call did not pose a risk of unfair prejudice because it did not reference Jeter and did not suggest a decision on an improper basis.  Accordingly, we affirm pursuant to Rule 220(b), SCACR and the following authorities: *State v. Gaster*, 349 S.C. 545, 557, 564 S.E.2d 87, 93 (2002) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); Rule 402, SCRE (explaining that relevant evidence is generally admissible, whereas irrelevant evidence is generally inadmissible); Rule 403, SCRE (instructing relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence"); *State v. Preslar*, 364 S.C. 466, 474, 613 S.E.2d 381, 385 (Ct. App. 2005) ("When evidence is admissible to provide the 'full presentation' of the offense, there is 'no reason to fragmentize the event under inquiry by suppressing parts of the res gestae.'" (quoting *State v. Sweat*, 362 S.C. 117, 133, 606 S.E.2d 508, 517 (Ct. App. 2004))); *State v. Wiles*, 383 S.C. 151, 158, 679 S.E.2d 172, 176 (2009) ("Unfair prejudice means an undue tendency to suggest decision on an improper basis.").

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.