**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Nick Russell Evangelista, Appellant.

Appellate Case No. 2018-000448

_____

Appeal From Beaufort County
Deadra L. Jefferson, Circuit Court Judge

_____

Unpublished Opinion No. 2022-UP-024
Heard January 12, 2021 – Filed January 12, 2022

_____

**AFFIRMED**

_____

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy W. Jeffrey Young, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General William Joseph Maye, all of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, all for Respondent.

_____

**PER CURIAM:** Nick Russell Evangelista appeals his murder conviction, arguing the circuit court erred in (1) excluding from the pretrial immunity hearing certain expert testimony addressing battered person syndrome and Evangelista's state of mind and (2) excluding evidence that Evangelista's live-in girlfriend, Rebecca Melton (Victim), operated a financial scam and manipulated Evangelista into participating. We affirm.

## Facts and Procedural History

Evangelista was involved in a tumultuous romantic relationship with Victim for approximately two years. Their relationship led to repeated domestic disturbances and alleged abuses on the part of both individuals until, during the early morning hours of August 26, 2014, Evangelista smothered Victim with bubble-wrap until she asphyxiated.[1] He then packed a bag and fled in Victim's vehicle. Evangelista was later identified and arrested during a traffic stop in Florida.

The Beaufort County grand jury indicted Evangelista for murder. Prior to his trial, Evangelista sought immunity from prosecution pursuant to the South Carolina Protection of Persons and Property Act (the Act).[2] The circuit court denied the motion, finding Evangelista failed to prove by a preponderance of the evidence that he was entitled to immunity under the Act. The jury convicted Evangelista of murder, and the circuit court sentenced him to forty-five years' imprisonment.

## Law and Analysis

---

[1] Evangelista testified Victim attacked him with her car keys, which she held "in her hand like a weapon, pulling my hair, [and] scratching my throat." Evangelista stated he had "to backhand her at that time to get her off me." On the night Victim died, Evangelista "grabb[ed] some bubble wrap to try to make her stay quiet" because he feared the neighbors might call the police. He also expressed his concern that Victim might try to stab him again or "worse."

[2] *See* S.C. Code Ann. § 16-11-440(C) (2015) ("A person who is not engaged in an unlawful activity and who is attacked in another place where he has a right to be, including, but not limited to, his place of business, has no duty to retreat and has the right to stand his ground and meet force with force, including deadly force, if he reasonably believes it is necessary to prevent death or great bodily injury to himself or another person or to prevent the commission of a violent crime. . . .").

## I.  Expert Testimony

Evangelista argues the circuit court erred in declaring the expert testimony of Dr. Lois Veronen on battered person syndrome and Evangelista's state of mind was not "appropriate" for the pretrial immunity hearing.  Evangelista contends Dr. Veronen's testimony was relevant at the immunity hearing just as it was relevant to his claim of self-defense at trial.  We find this issue unpreserved for our review.

As part of his pretrial immunity motion, Evangelista submitted Dr. Veronen's report and other exhibits in support of his "battered person" defense.  After some debate, the circuit court announced that discussion of Dr. Veronen's proposed testimony was "putting the cart before the horse," and instructed Evangelista as follows:  "You need to call your witness.  They need to make a contemporaneous objection.  I am not ruling in a vacuum about whether testimony is admissible.  So you need to call your witness."  Defense counsel explained she was "not going to address the issue with Dr. Veronen" until the circuit court heard Evangelista's testimony.  The court again instructed Evangelista, "Call your witness.  They need to make an objection."  Evangelista then testified extensively at the immunity hearing.

Following this testimony, however, Evangelista neither returned to his argument regarding Dr. Veronen's expert testimony, nor called Dr. Veronen as a witness.  At the conclusion of Investigator Jon Adams's testimony, which the State offered in opposition to Evangelista's immunity claim, Evangelista informed the court he had nothing further to add.  The circuit court then addressed the merits of the immunity claim, and ultimately denied immunity.  Because there was no further discussion regarding Evangelista's effort to qualify Dr. Veronen as an expert witness on battered person syndrome at the immunity hearing, nor any ruling on the matter by the circuit court, we find the question of whether her testimony was admissible at the immunity hearing unpreserved.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").[3]

---

[3] Evangelista urges this court to excuse any preservation error here on the basis that calling Dr. Veronen during the immunity hearing would have been futile because the circuit court's statements on the record demonstrated the court had already determined the Veronen testimony was not "appropriate" for immunity purposes.  *See, e.g.*, *State v. Passmore*, 363 S.C. 568, 584, 611 S.E.2d 273, 282 (Ct. App. 2005) ("[I]n circumstances where it would be futile to raise an objection

## II.    Exclusion of Evidence

Evangelista next argues the circuit court erred in excluding evidence suggesting Victim operated a financial scam to return merchandise she never purchased for a cash refund and manipulated Evangelista into participating in her scheme. Evangelista asserts evidence of Victim's manipulation was relevant to his defense that he suffered from battered person syndrome and was subject to Victim's control.  We disagree.

"In criminal cases, the appellate court sits to review errors of law only." *State v. Niles*, 412 S.C. 515, 521, 772 S.E.2d 877, 880 (2015).  "The trial judge has considerable latitude in ruling on the admissibility of evidence and his decision should not be disturbed absent prejudicial abuse of discretion." *State v. Clasby*, 385 S.C. 148, 154, 682 S.E.2d 892, 895 (2009).  "An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law." *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006).

Rule 401, SCRE, defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Rule 403, SCRE, states relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Under Rule 404(b), SCRE, "evidence of other crimes, wrongs, or acts" may be admissible "to show motive, identity, common scheme or plan, the absence of mistake or accident, or intent." "To be admissible, other crimes that are not the subject of conviction must be proved by clear and convincing evidence." *State v. Wilson*, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001).

During his case-in-chief, Evangelista largely repeated his testimony as given during the immunity hearing.  He reviewed certain prior violence, noting Victim

---

to the trial judge, failure to raise the objection will be excused.").  However, the record reflects that during the pretrial hearing, the circuit court thrice invited Evangelista to call the expert so that the court could then address any contemporaneous objection the State might assert as to the proposed testimony. We decline to apply the doctrine of futility under such circumstances.

punched him, scratched him, and pulled his hair. Evangelista testified he bailed Victim out of jail and hired counsel to represent her on each of her three charges for criminal domestic violence. He claimed Victim hid or buried his clothing, and "there would be no clothing [to go] back to work the next day." Victim also destroyed Evangelista's racing bike and guitars. Evangelista testified Victim was violent and abused prescription drugs and alcohol. However, Evangelista, a physician's assistant at an orthopedic clinic, also admitted to enabling Victim by writing her prescriptions for drugs.

Thereafter, Evangelista answered in the affirmative when his counsel asked whether he did things with Victim "in businesses around the Lowcountry that [he] knew were wrong but did [them] anyway[.]" Following the State's objection to the relevance of this testimony regarding Victim's merchandise return scam, the circuit court stated, "I told you we would take that up in-camera. It's a prior bad act, not the subject of a conviction. It's character. You are going to have to prove it by clear and convincing evidence before it can even meet the indicia of being admissible." Evangelista then proffered the following testimony about the scheme:

> She would go to—typically, her common places were
> T.J. Maxx, Marshalls or Home Goods. She told me they
> had generous policies, and take tags, price tags,
> description tags, off of items and bring them home. Then
> she would go to Goodwill stores or even rummage
> through her own belongings to find like items. She had
> purchased online somewhere one of the price-tag
> affix[ers] which the stores used and would attach that tag
> to the items she bought for a couple of dollars or pawned
> herself, and then returned it for [the money].

Evangelista stated that at some point, Victim was temporarily banned from returning items to these stores, explaining, "If she didn't own a receipt, or did too many of those returns in a month, she was banned until the next month." When Victim was banned from making returns, she asked Evangelista to make the returns for her, and he complied.

In response to the State's objection, Evangelista argued that "in order to have a full-throated illustration of the relationship . . . in terms of her level of manipulation over him, this is relevant to the level of manipulation that she could bring him to. . . . To have him commit a crime with her." The circuit court replied:

> What clear and convincing evidence do you have that a crime actually took place? You are alleging prior bad acts that are not the subject of a conviction. Case law requires that you prove them by clear and convincing evidence. His word without corroboration is not adequate or even sufficient.

Evangelista referenced "the receipts that are in evidence," and the court noted the submitted receipts did not prove Victim stole anything. The court stated:

> And tags are very, very advanced now. You can't just take a tag off something and put it on something else. Those tags are encoded. They know exactly when you purchase things. That's how you can return stuff without a receipt. So I'm a little hard-pressed as to how any of that would meet the clear and convincing standard.

The court further found the financial scam testimony lacked relevance as to any prior acts of aggression by the Victim or the elements of Evangelista's self-defense claim. In sum, the circuit court excluded the evidence "based on hearsay, character, relevancy, and the failure to meet proof by clear and convincing evidence." Finally, the circuit court concluded the probative value of the proffered evidence was substantially outweighed by its potential for undue prejudice under Rule 403, SCRE.

The record supports the circuit court's finding that Evangelista failed to prove Victim's alleged prior bad acts by clear and convincing evidence. *See Wilson*, 345 S.C. at 5, 545 S.E.2d at 829 ("To be admissible, other crimes that are not the subject of conviction must be proved by clear and convincing evidence."). Moreover, Evangelista failed to establish the relevance of the proffered "scam" evidence to Victim's prior aggression against him or the question of whether he acted in self-defense when he smothered her with bubble wrap "to make her stay quiet." *See State v. Wiles*, 383 S.C. 151, 158, 679 S.E.2d 172, 176 (2009) ("Evidence is relevant and admissible if it tends to establish or make more or less probable the matter in controversy."). Thus, the circuit court did not abuse its discretion in finding the financial scam evidence inadmissible.

**Conclusion**

Based on the foregoing, Evangelista's conviction is

**AFFIRMED.**

**KONDUROS and MCDONALD, JJ., and LOCKEMY, A.J., concur.**