**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Kenneth Wayne Carlisle, Appellant.

Appellate Case No. 2019-001702

Appeal From Horry County
D. Craig Brown, Circuit Court Judge

Unpublished Opinion No. 2022-UP-197
Submitted March 1, 2022 – Filed May 18, 2022

**AFFIRMED**

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Senior Assistant Attorney General W. Edgar Salter, III, all of Columbia, and Jimmy A. Richardson, II, of Conway, for Respondent.

**PER CURIAM:** Kenneth Wayne Carlisle appeals his murder convictions and sentence to life in prison, arguing the trial court abused its discretion by

(1) admitting into evidence a photograph of the victims' skeletal remains taken in the location where the remains were discovered, (2) admitting into evidence an x-ray and photographs of the victims' skeletal remains taken during the autopsies, and (3) denying his motion for a mistrial. We affirm.

1. The trial court did not abuse its discretion by admitting into evidence Exhibit 50—a photograph of the victims' skeletal remains taken in the location where the remains were discovered—because the photograph corroborated trial testimony about the location and condition of the victims' remains upon discovery. *See State v. Washington*, 379 S.C. 120, 123-24, 665 S.E.2d 602, 604 (2008) ("A ruling on the admissibility of evidence is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* at 124, 665 S.E.2d at 604 ("An abuse of discretion occurs when the trial court's ruling is based on an error of law."); *State v. Torres*, 390 S.C. 618, 623, 703 S.E.2d 226, 229 (2010) ("It is well settled in this state that '[i]f the photograph serves to corroborate testimony, it is not an abuse of discretion to admit it.'" (alteration in original) (quoting *State v. Nance*, 320 S.C. 501, 508, 466 S.E.2d 349, 353 (1996))). Additionally, Exhibit 50 was relevant to and probative of whether Carlisle was guilty of murder because the photograph tended to show whether Carlisle acted with malice. *See* S.C. Code Ann § 16-3-10 (2015) ("'Murder' is the killing of any person with malice aforethought, either express or implied."); Rule 401, SCRE (providing evidence is "relevant" when it has "any tendency to make the existence of any fact that is of consequence . . . more probable or less probable than it would be without the evidence"); Rule 402, SCRE ("All relevant evidence is admissible except as otherwise provided by [a rule, statute, or provision of law]."); *State v. Gray*, 408 S.C. 601, 610, 759 S.E.2d 160, 165 (Ct. App. 2014) ("'Probative' means '[t]ending to prove or disprove.'" (quoting *Probative*, *Black's Law Dictionary* (9th ed. 2009))); *State v. Cooper*, 212 S.C. 61, 66, 46 S.E.2d 545, 547 (1948) ("Malice aforethought" exists when "the combination of [wrongful] intent and [a wrongful] act produce[s] [a] fatal result." (quoting *State v. Milam*, 88 S.C. 127, 131, 70 S.E. 447, 449 (1911))). Moreover, any danger of unfair prejudice was low because Exhibit 50 did not suggest that the jury convict Carlisle on an improper basis. *See State v. Wiles*, 383 S.C. 151, 158, 679 S.E.2d 172, 176 (2009) ("Unfair prejudice means an undue tendency to suggest [a] decision on an improper basis."). Thus, the probative value of Exhibit 50 was not substantially outweighed by the danger of unfair prejudice. *See* Rule 403, SCRE ("[R]elevant[] evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . .").

2.  The trial court did not abuse its discretion by admitting into evidence Exhibits 58, 59, 61, 62, 63, 64, 66, and 128—photographs and an x-ray of the victims' skeletal remains taken during the victims' autopsies.  *See Washington*, 379 S.C. at 123-24, 665 S.E.2d at 604 ("A ruling on the admissibility of evidence is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* at 124, 665 S.E.2d at 604 ("An abuse of discretion occurs when the trial court's ruling is based on an error of law.").  Exhibit 62—a photograph of victim 2's jawbone—was relevant to and probative of victim 2's identity.  Exhibits 58, 59, 61, 63, 64, 66, and 128—photographs and an x-ray from the victims' autopsies—were relevant to and probative of the victims' causes of death.  *See* Rule 401, SCRE (providing evidence is "relevant" when it has "any tendency to make the existence of any fact that is of consequence . . . more probable or less probable than it would be without the evidence"); Rule 402, SCRE ("All relevant evidence is admissible except as otherwise provided by [a rule, statute, or provision of law]."); *Gray*, 408 S.C. at 610, 759 S.E.2d at 165 ("'Probative' means '[t]ending to prove or disprove.'" (quoting *Probative*, *Black's Law Dictionary* (9th ed. 2009))).  Additionally, any danger of unfair prejudice was low because the photographs and x-ray did not suggest that the jury convict Carlisle on an improper basis.  *See Wiles*, 383 S.C. at 158, 679 S.E.2d at 176 ("Unfair prejudice means an undue tendency to suggest [a] decision on an improper basis.").  Thus, the probative value of Exhibits 58, 59, 61, 62, 63, 64, 66, and 128 was not substantially outweighed by the danger of unfair prejudice.  *See* Rule 403, SCRE ("[R]elevant[] evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . .").

3.  Because Carlisle repeatedly conceded Exhibit 120 was insufficient for the jury to conclude he was wearing an ankle monitor, we hold Carlisle failed to show he was prejudiced by the State's failure to redact Exhibit 120 before publishing it to the jury.  Accordingly, the trial court did not abuse its discretion by denying Carlisle's motion for a mistrial.  *See State v. Harris*, 340 S.C. 59, 63, 530 S.E.2d 626, 627-28 (2000). ("The granting or refusing of a motion for a mistrial lies within the sound discretion of the trial court and its ruling will not be disturbed on appeal absent an abuse of discretion amounting to an error of law."); *State v. Stanley*, 365 S.C. 24, 34, 615 S.E.2d 455, 460 (Ct. App. 2005).  ("[A] defendant must show both error and resulting prejudice in order to be entitled to a mistrial.").

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**