**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Randy Lee Cantrell, Appellant.

Appellate Case No. 2021-001144

———————————

Appeal From Oconee County
R. Scott Sprouse, Circuit Court Judge

———————————

Unpublished Opinion No. 2023-UP-383
Submitted November 1, 2023 – Filed December 6, 2023

———————————

**AFFIRMED**

———————————

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor David Rhys Wagner, Jr., of Anderson, all for Respondent.

———————————

**PER CURIAM:** Randy Lee Cantrell appeals his conviction for possession of methamphetamine, third offense, and sentence of ten years' imprisonment. On appeal, he argues the trial court abused its discretion when it admitted a glass pipe

containing white residue found in the vehicle he was driving.  We affirm pursuant to Rule 220(b), SCACR.

We hold Cantrell's argument the trial court abused its discretion in admitting the glass pipe into evidence is not preserved for appellate review.  Before trial, Cantrell moved pursuant to Rule 403 of the South Carolina Rules of Evidence to exclude the glass pipe, arguing the danger of unfair prejudice posed by the admission of the glass pipe, which had not been analyzed forensically, substantially outweighed its probative value.  The trial court's denial of his motion *in limine* was not a final determination, and Cantrell was required to object when the glass pipe was admitted during the trial.  *See State v. Wiles*, 383 S.C. 151,156, 679 S.E.2d 172, 175 (2009) ("Generally, a motion *in limine* is not a final determination; a contemporaneous objection must be made when the evidence is introduced."); *State v. Jones*, 435 S.C. 138, 144, 866 S.E.2d 558, 561 (2021) ("If an evidentiary ruling is pretrial, a contemporaneous objection must be raised during trial when the evidence is admitted, whereas a party need not renew an objection if the decision is final."), *cert. denied*, 142 S. Ct. 2843 (2022).  After the trial court denied Cantrell's pretrial motion to exclude the glass pipe, Cantrell did not object to the admission of the best evidence kit containing the glass pipe, any of the photographs depicting the glass pipe, nor police body-worn camera footage that captured the glass pipe during the search of the vehicle.  *See State v. Johnson*, 363 S.C. 53, 58, 609 S.E.2d 520, 523 (2005) ("To preserve an issue for review there must be a contemporaneous objection that is ruled upon by the trial court."); *Burke v. AnMed Health*, 393 S.C. 48, 55, 710 S.E.2d 84, 88 (Ct. App. 2011) ("When a party states to the trial court that it has no objection to the introduction of evidence, even though the party previously made a motion to exclude the evidence, the issue raised in the previous motion is not preserved for appellate review.").

**AFFIRMED.**[1]

**MCDONALD and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.