**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Quintus Dante Faison, Appellant.

Appellate Case No. 2021-001311

---

Appeal From Horry County
Bentley Price, Circuit Court Judge

---

Unpublished Opinion No. 2024-UP-003
Submitted November 1, 2023 – Filed January 3, 2024

---

**AFFIRMED**

---

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, all for Respondent.

---

**PER CURIAM:** Quintus Dante Faison appeals his convictions of two counts of first-degree burglary, two counts of armed robbery, and two counts of kidnapping and his aggregate sentence of twenty-five years' imprisonment. Faison argues the

trial court abused its discretion in allowing his text messages into evidence because the danger of unfair prejudice substantially outweighed their probative value as they contained inflammatory racial references and the State's repetitive mention of these messages during closing argument exacerbated the error by appealing to the personal biases of the jurors.[1]  We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion in admitting Faison's text messages because the text messages were highly probative and any potential prejudice did not substantially outweigh the probative value.  The dates of the text messages corresponded with the dates of the offenses, and the content of the text messages tended to show Faison planned and participated in the robberies.  For example, one of the texts referenced a ski mask, and Faison's subsequent search history referenced the name brand of a watch stolen during one of the burglaries.  Although the text messages contained references to race, the risk of unfair prejudice did not outweigh the high probative value of the text messages.  *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."); *State v. Collins*, 409 S.C. 524, 534, 763 S.E.2d 22, 28 (2014) ("A trial [court]'s decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances." (quoting *State v. Adams*, 354 S.C. 361, 378, 580 S.E.2d 785, 794 (Ct. App. 2003))); *State v. Gray*, 408 S.C. 601, 610, 759 S.E.2d 160, 165 (Ct. App. 2014) ("'Probative value' is the measure of the importance of that tendency to the outcome of a case.  It is the weight that a piece of relevant evidence will carry in helping the trier of fact decide the issues."); *State v. Wiles*, 383 S.C. 151, 158, 679 S.E.2d 172, 176 (2009) ("Unfair prejudice means an undue tendency to suggest decision on an improper basis.").

**AFFIRMED.**[2]

---

[1] To the extent Faison argues on appeal the trial court allowed an impermissible identification, we decline to consider it.  *See* Rule 208(b)(1)(B), SCACR ("[Issue statements] shall be concise and direct as to each issue, and may be stated in question form.  Broad general statements may be disregarded by the appellate court.  Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

**MCDONALD and VINSON, JJ., and LOCKEMY, A.J., concur.**