**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Channon Talon Preston, Appellant.

Appellate Case No. 2022-001474

---

Appeal From Beaufort County
Bentley Price, Circuit Court Judge

---

Unpublished Opinion No. 2025-UP-399
Submitted November 1, 2025 – Filed December 3, 2025

---

**AFFIRMED**

---

Appellate Defender Sarah Elizabeth Shipe, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, and Senior Assistant Deputy Attorney General Melody Jane Brown, all of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, all for Respondent.

---

**PER CURIAM:** Channon Talon Preston appeals his convictions for murder, attempted murder, and possession of a weapon during the commission of a violent

crime and concurrent sentences of thirty-seven years' imprisonment for murder, thirty years' imprisonment for attempted murder, and five years' imprisonment for the weapon charge.  On appeal, Preston argues the trial court erred by admitting (1) the contents of a 911 call in which a witness relayed the answers of the victim because it was inadmissible hearsay, (2) body-worn camera footage of the victim's statements about the crime because they were hearsay and denied Preston his right to confrontation, and (3) a video recording and still shots therefrom depicting Preston in the presence of an assault weapon and cash because the probative value of the images was substantially outweighed by the risk of unfair prejudice.  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold the trial court did not abuse its discretion in admitting the recording of the 911 call.  Initially, the admission of the recording was not subject to the Confrontation Clause because the primary purpose of the 911 call was to request assistance in an ongoing emergency; therefore, the call was nontestimonial in nature.  *See State v. Brewer*, 438 S.C. 37, 44, 882 S.E.2d 156, 160 (2022) ("[W]hether a statement is testimonial and therefore subject to the confrontation clause is a question of law reviewed de novo."); *State v. Brockmeyer*, 406 S.C. 324, 342, 751 S.E.2d 645, 654 (2013) ("Under the primary purpose analysis required by the Confrontation Clause, where the primary purpose of an out-of-court statement is to serve as evidence or 'an out-of-court substitute for trial testimony,' the statement is considered testimonial." (quoting *Bullcoming v. New Mexico*, 564 U.S. 647, 671-72 (2011) (Sotomayor, J., concurring in part))); *id.* at 342, 751 S.E.2d at 654-55 ("However, '[w]here no such primary purpose exists, the admissibility of a statement is the concern of state and federal rules of evidence, not the Confrontation Clause.'" (alteration in original) (quoting *Michigan v. Bryant*, 562 U.S. 344, 359 (2011))); *Davis v. Washington*, 547 U.S. 813, 827 (2006) (stating that a 911 operator's "effort to establish the identity of the assailant" was nontestimonial because it helped the "dispatched officers . . . know whether they would be encountering a violent felon").  Next, both the witness's and the victim's statements were admissible under the excited utterance hearsay exception.  *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); Rule 802, SCRE ("Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court of this State or by statute."); Rule 805, SCRE ("Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules."); Rule 803(2), SCRE (stating

an excited utterance is a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition" and is an exception to the hearsay rule); *State v. Ladner*, 373 S.C. 103, 116, 644 S.E.2d 684, 691 (2007) ("A court must consider the totality of the circumstances when determining whether a statement falls within the excited utterance exception, and that determination is left to the sound discretion of the trial court.").

2.  We hold the trial court did not abuse its discretion in admitting the body-worn camera footage of the victim's statements.  Initially, the admission of the footage was not subject to the Confrontation Clause because the primary purpose of the victim's statements was to assist law enforcement in addressing an ongoing emergency; therefore, the footage was nontestimonial in nature.  *See Brewer*, 438 S.C. at 44, 882 S.E.2d at 160 ("[W]hether a statement is testimonial and therefore subject to the confrontation clause is a question of law reviewed de novo."); *Davis*, 547 U.S. at 822 ("Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency.").  Next, the victim's statements were admissible under the excited utterance hearsay exception.  *See Pagan*, 369 S.C. at 208, 631 S.E.2d at 265 ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); Rule 802, SCRE ("Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court of this State or by statute."); Rule 803(2), SCRE (stating an excited utterance is a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition" and is an exception to the hearsay rule); *Ladner*, 373 S.C. at 116, 644 S.E.2d at 691 ("A court must consider the totality of the circumstances when determining whether a statement falls within the excited utterance exception, and that determination is left to the sound discretion of the trial court.").

3.  We hold the trial court did not abuse its discretion by admitting the video recording or its still shots because their probative value was not substantially outweighed by the danger of unfair prejudice.  *See State v. McLeod*, 362 S.C. 73, 81, 606 S.E.2d 215, 220 (Ct. App. 2004) ("A trial [court]'s decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances."); *id.* at 81-82, 606 S.E.2d at 220 ("[This court] review[s] a trial [court]'s decision regarding Rule 403 pursuant to the abuse of

discretion standard and [is] obligated to give great deference to the trial court's judgment.").  The video recording depicted Preston and an accomplice in a van consistent with the one described as the getaway vehicle, and both men were holding guns that were later discovered concealed in Preston's home.  Although the video was taken five days before the incident, it established that Preston had access to the weapon and the van shortly before the incident took place.  *See* Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."); *State v. Wiles*, 383 S.C. 151, 158, 679 S.E.2d 172, 176 (2009) ("Unfair prejudice means an undue tendency to suggest decision on an improper basis.").

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.